# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., <br><br> *Plaintiff,* <br><br> vs. <br><br> SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants.* | CASE NO. 2:21-cv-00104-JRG <br><br> **First Amended Complaint for Patent Infringement** <br><br> **JURY DEMANDED** |

## First Amended Complaint for Patent Infringement

Plaintiff Solas OLED Ltd. ("Solas") files this First Amended Complaint against Samsung Display Co., Ltd. ("SDC"), Samsung Electronics Co., Ltd. ("SEC"), and Samsung Electronics America, Inc. ("SEA") (each a "Defendant" and, collectively, "Defendants"), alleging infringement of U.S. Patent Nos. 7,499,042; 7,663,615; 7,446,338 ("Patents-in-Suit"). The Accused Products are the OLED panel displays made, used, offered for sale, sold, imported by Defendant in the United States and supplied by Defendant to its customers and integrated into electronic devices sold in the United States.

### Plaintiff Solas OLED and the Patents-in-Suit.

1.      Plaintiff Solas is a technology licensing company organized under the laws of Ireland, with its headquarters at The Hyde Building, Suite 23, The Park, Carrickmines, Dublin 18, Ireland.

2.     Solas is the owner of U.S. Patent No. 7,499,042, entitled "Display Device, Data Driving Circuit, and Display Panel Driving Method," which issued March 3, 2009 (the "'042 patent"). A copy of the '042 patent is attached to this complaint as Exhibit 1.

3.     Solas is the owner of U.S. Patent No. 7,663,615, entitled "Light Emission Drive Circuit and Its Drive Control Method and Display Unit and Its Display Drive Method," which issued February 16, 2010 (the "'615 patent"). A copy of the '615 patent is attached to this complaint as Exhibit 2.

4.     Solas is the owner of U.S. Patent No. 7,446,338, entitled "Display Panel," which issued November 4, 2008 (the "'338 patent"). A copy of the '338 patent is attached to this complaint as Exhibit 3.

**Defendant and the Accused Products.**

5.     On information and belief, Defendant Samsung Display Co., Ltd. ("SDC") is a corporation organized under the laws of South Korea, with its principal place of business at 181, Samsung-Ro, Tangjeong-Myeon, Asan-City, Chungcheongnam-Do, 336-741, South Korea.

6.     On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of South Korea, with its principal place of business at 129, Samsung-Ro, YeongTong-Gu, Suwon-Si, Gyonggi-Do, 443-742, South Korea.

7.     On information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a United States corporation organized under the laws of the State of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. SEA is a wholly-owned subsidiary of SEC. SEA distributes certain Samsung consumer electronics products, including certain of the Accused Products, in the United States.

8.     The Accused Products include active-matrix organic light-emitting diode (AMOLED) panel displays made, used, offered for sale, sold, imported by Defendant in the United States and supplied by Defendant SDC to its customers and integrated into electronic devices sold in the United States, including without limitation the HP laptop and tablet devices, Dell laptop and tablet devices, Google mobile phone devices, Samsung Galaxy mobile phones and tablet devices, and Apple iPhone laptop and mobile phone devices.

**Jurisdiction and Venue.**

9.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court has personal jurisdiction over Defendants in this action because Defendants have established minimum contacts with the United States as a whole such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendants have purposefully directed activities at the United States, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales. Defendants have committed acts of infringement of Solas's patents giving rise to this action, such as by supplying to customers the Accused Products that are integrated in products sold in this District, including without limitation the Samsung Galaxy tablets and phones, HP Spectre x360 laptops, Dell XPS 15 laptops, Dell Venue tablets, Gigabyte Aero 15 laptops, Google Pixel phones Apple MacBook Pro laptops and iPhones. Defendants, directly and through subsidiaries, intermediaries, and third parties, have committed and continue to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and

importing products that infringe the Asserted Patents.

11.    Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendants SDC and SEC are foreign corporations. Venue is proper as to a foreign defendant in any district. 28 U.S.C. § 1391(c)(3). Defendant SEA has committed acts of infringement in this District and has regular and established places of business in this District.

### Count 1 – Claim for infringement of the '042 patent.

12.    Solas incorporates by reference each of the allegations in paragraphs 1–12 above and further alleges as follows:

13.    On March 3, 2009, the United States Patent and Trademark Office issued U.S. Patent No. 7,499,042, entitled "Display Device, Data Driving Circuit, and Display Panel Driving Method." Ex. 1.

14.    Solas is the owner of the '042 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

15.    Each claim of the '042 patent is valid, enforceable, and patent-eligible.

16.    Solas and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '042 patent, and Solas is entitled to damages for Defendants' past infringement.

17.    Defendants have directly infringed (literally and equivalently) and induced others to infringe the '042 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '042 patent and by inducing others to infringe the claims of the '042 patent without a license or permission from Solas.

18.    On information and belief, Defendants SDC makes, offers for sale, and sells certain infringing products such as OLED display panels to customers, who integrate the

infringing products into products that are sold to consumers, such as laptop computers and mobile phones. For example, claim 1 of the '042 patent claims a display device as follows.

**[preamble] "A display device comprising:"**

19.     The Accused Products integrated into infringing products are "display devices" for displaying information in, for example, Google Pixel phones, Samsung Galaxy phones, and HP Spectre laptops.





*Samsung Galaxy S8*                    *Samsung Galaxy S9*

**[1a] "a plurality of selection scan lines;"**

20.     The Accused Products have a plurality of selection scan lines:



**[1b] "a plurality of current lines;"**

21.     The Accused Products' AMOLED display panels have a plurality of current lines:



**[1c] "a selection scan driver which sequentially selects said plurality of selection scan lines in each selection period;"**

22.    The Accused Products have a selection scan driver which sequentially selects said plurality of selection scan lines in each selection period.



23.    In the Accused Products, the selection scan driver controls the shift registers that sequentially selects said plurality of selection scan lines in each selection period.





**[1d] "a data driving circuit which applies a reset voltage to said plurality of current lines in a first part of the selection period, and supplies a designating current having a current value corresponding to an image signal to said plurality of current lines in a second part of the selection period after applying the reset voltage in the selection period; and"**

24.     The Accused Products have a data driving circuit which applies a reset voltage to said plurality of current lines in a first part of the selection period, and supplies a designating current having a current value corresponding to an image signal to said plurality of current lines in a second part of the selection period after applying the reset voltage in the selection period:





**[1e]** "a plurality of pixel circuits which are connected to said plurality of selection

scan lines and said plurality of current lines, and supply a driving current having a

current value corresponding to the current value of the designating current which

10

**flows through said plurality of current lines;"**

25.     The Accused Products have a plurality of pixel circuits which are connected to said plurality of selection scan lines and said plurality of current lines, and supply a driving current having a current value corresponding to the current value of the designating current which flows through said plurality of current lines:









**[1f]** "wherein in the selection period, each of said plurality of pixel circuits loads the designating current which flows through said plurality of current lines, and stores a level of a voltage converted in accordance with the current value of the designating current, and after the selection period, each of said plurality of pixel circuits shuts off the designating current which flows through said plurality of current lines, and supplies a driving current corresponding to the level of the voltage converted in accordance with the designating current."

26. The Accused Products have a selection period wherein each of said plurality of pixel circuits loads the designating current which flows through said plurality of current lines, and stores a level of a voltage converted in accordance with the current value of the designating current, and after the selection period, each of said plurality of pixel circuits shuts off the designating current which flows through said plurality of current lines, and supplies a driving current corresponding to the level of the voltage converted in accordance with the designating current:



wherein in the selection period, each of said plurality of pixel circuits loads the designating current which flows through said plurality of current lines, and stores a level of a voltage converted in accordance with the current value of the designating current, and after the selection period, each of said plurality of pixel circuits shuts off the designating current which flows through said plurality of current lines, and supplies a driving current corresponding to the level of the voltage converted in accordance with the designating current.



wherein in the selection period, each of said plurality of pixel circuits loads the designating current which flows through said plurality of current lines, and stores a level of a voltage converted in accordance with the current value of the designating current, and after the selection period, each of said plurality of pixel circuits shuts off the designating current which flows through said plurality of current lines, and supplies a driving current corresponding to the level of the voltage converted in accordance with the designating current.





wherein in the selection period, each of said plurality of pixel circuits loads the designating current which flows through said plurality of current lines, and stores a level of a voltage converted in accordance with the current value of the designating current, and after the selection period, each of said plurality of pixel circuits shuts off the designating current which flows through said plurality of current lines, and supplies a driving current corresponding to the level of the voltage converted in accordance with the designating current.

27.    Defendants also knowingly and intentionally induce and contribute to infringement of the '042 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). Through the filing and service of this Complaint, Defendants have had knowledge of the '042 Patent and the infringing nature of the Accused Products. On information and belief, Defendant SDC has had knowledge of the '042 patent since around November 2019, after Solas filed suit against customers of Defendant SDC in the United States District Court for the Western District of Texas. Despite this knowledge of the '042 patent, Defendants continue to actively encourage and instruct their customers to use and integrate the accused products in ways that directly infringe the '042 patent. Defendants do so knowing and intending that their customers will commit these

infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the accused products, despite its knowledge of the '042 patent, thereby specifically intending for and inducing its customers to infringe the '042 patent through the customers' normal and customary use of the Accused Products.

28.     Defendants have infringed multiple claims of the '042 patent, including independent claim 1. By way of example only, the Accused Product integrated into the Samsung Galaxy phones infringes an exemplary claim of the '042 patent, as in the description set forth above, which Solas provides without the benefit of information about the Accused Products obtained through discovery.

29.     Defendants have known how the Accused Products are made and have known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to their customers, who integrate the Accused Products into products imported into and sold within the United States, would constitute willful infringement of the '042 patent. Those products imported into and sold within the United States include, without limitation, Samsung Galaxy tablets and phones, Apple iPhones and MacBook Pro laptops, Google Pixel phones, Dell Venue tablets, and HP Spectre laptops.

30.     Defendants have induced, and continue to induce, infringement of the '042 patent by actively encouraging others (including its customers) to use, offer to sell, sell, and import the Accused Products and devices that integrate the Accused Products.  On information and belief, these acts include providing information and instructions on the use and integrate the Accused Products; providing information, education and instructions to its customers; providing the Accused Products to customers; and indemnifying patent infringement within the United States.

31.     Solas has been damaged by Defendants' infringement of the '042 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

## Count 2 – Claim for infringement of the '615 patent.

32.     Solas incorporates by reference each of the allegations in paragraphs 1–32 above and further alleges as follows:

33.     On February 16, 2010, the United States Patent and Trademark Office issued U.S. Patent No. U.S. Patent No. 7,663,615, entitled "Light Emission Drive Circuit and Its Drive Control Method and Display Unit and Its Display Drive Method."  Ex. 2.

34.     Solas is the owner of the '615 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

35.     Each claim of the '615 patent is valid, enforceable, and patent-eligible.

36.     Solas and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '615 patent, and Solas is entitled to damages for HP's past infringement.

37.     Solas and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '615 patent, and Solas is entitled to damages for Defendants' past infringement.

38.     Defendants have directly infringed (literally and equivalently) and induced others to infringe the '615 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '615 patent and by inducing others to infringe the claims of the '615 patent without a license or permission from Solas.

39.     On information and belief, Defendant SDC makes, offers for sale, and sells certain infringing products such as OLED display panels to customers, such as SEC, HP, Dell,

Gigabyte, Google, and Apple, who integrate the infringing products into products that are sold to consumers, such as laptop computers and mobile phones. For example, claim 11 of the '615 patent claims a display device as follows.

**[preamble] "A display unit comprising:"**

40.     The Accused Products integrated into infringing products are "display units" for displaying information in, for example, Google Pixel phones, Dell Venue tablets, Apple iPhones, Samsung Galaxy phones, and HP Spectre laptops.



*Samsung Galaxy S8*



*Samsung Galaxy S9*



**HP Spectre X360**



**Apple iPhone XS**

**[11a] "a plurality of display pixels each of which includes a light emission element and a light emission drive circuit having an electric charge accumulating section for accumulating electric charges based on a gradation sequence signal to designate a luminance gradation sequence in accordance with display data, a light emission control section for generating a light emission drive current having a predetermined current value in accordance with the electric charges accumulated in the electric charge accumulating section and supplying the light emission drive current to the light emission element, a writing control section for controlling a supplying state of the electric charges based on the gradation sequence signal to the electric charge accumulating section, and a voltage control section for controlling a drive voltage for making the light emission control section perform the operation, respectively;"**

41.     The Accused Products have a plurality of display pixels each of which includes a light emission element and a light emission drive circuit having an electric charge accumulating section for accumulating electric charges based on a gradation sequence signal to designate a luminance gradation sequence in accordance with display data, a light emission control section for generating a light emission drive current having a predetermined current value in accordance with the electric charges accumulated in the electric charge accumulating section and supplying the light emission drive current to the light emission element, a writing control section for controlling a supplying state of the electric charges based on the gradation sequence signal to the electric charge accumulating section, and a voltage control section for controlling a drive voltage for making the light emission control section perform the operation, respectively:

a plurality of display pixels each of which includes a light emission element and a light emission drive circuit having an electric charge accumulating section for accumulating electric charges based on a gradation sequence signal to designate a luminance gradation sequence in accordance with display data,



a plurality of display pixels each of which includes a light emission element and a light emission drive circuit having an electric charge accumulating section for accumulating electric charges based on a gradation sequence signal to designate a luminance gradation sequence in accordance with display data,



a light emission control section for generating a light emission drive current having a predetermined current value in accordance with the electric charges accumulated in the electric charge accumulating section and supplying the light emission drive current to the light emission element,



a writing control section for controlling a supplying state of the electric charges based on the gradation sequence signal to the electric charge accumulating section,





**[11b] "selection lines in which writing control signals for controlling the operation state of the writing control sections of the display pixels are applied;"**

42.     The Accused Products have selection lines in which writing control signals for controlling the operation state of the writing control sections of the display pixels are applied:



**[11c] "hold lines in which voltage control signals for controlling the operation state of the voltage control sections of the display pixels are applied;"**

43.     The Accused Products have hold lines in which voltage control signals for controlling the operation state of the voltage control sections of the display pixels are applied:



**[1d] "data lines to which the gradation sequence signals are supplied;"**

44.     The Accused Products have data lines to which the gradation sequence signals are supplied:



**[11e] "a selection driver which applies the writing control signals in the selection lines;"**

45.     The Accused Products have a selection driver which applies the writing control signals in the selection lines:



**[11f] "a hold driver which applies the voltage control signals in the hold lines; and"**

46.     The Accused Products have a hold driver which applies the voltage control signals in the hold lines:



**[11g] "a data driver which supplies the gradation sequence signals to the data lines;"**

47.    The Accused Products have a data driver which supplies the gradation sequence signals to the data lines:



[11h] "wherein, with respect to each of the display pixels, the data driver applies a precharge voltage exceeding a threshold value of the drive transistor to the data line, and the light emission drive circuit applies the precharge voltage applied to the data line to the electric charge accumulating section via the writing control section."

wherein, with respect to each of the display pixels, the data driver applies a precharge voltage exceeding a threshold value of the drive transistor to the data line,

Vinit ≈ -3V
Vth_{M1} ≈ -1V
|Vinit| > |Vth_{M1}|

(part of) data driver

exceeding



data line

precharge voltage

Apple iPhone XS cell (rev. 1)
All sizes in microns



48. Defendants also knowingly and intentionally induce and contribute to infringement of the '615 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). Through the filing and service of this Complaint, Defendants have had knowledge of the '615 Patent and the infringing nature of the Accused Products. On information and belief, Defendant SDC has had knowledge of the '615 patent since around November 2019, after Solas filed suit against customers of Defendant SDC in this District. Despite this knowledge of the '615 Patent, Defendants continue to actively encourage and instruct customers to use and integrate the accused products in ways that directly infringe the '615 patent. Defendants do so knowing and intending that their customers will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the accused products, despite their knowledge of the '615 patent, thereby specifically intending for and inducing their customers to infringe the '615 patent through the customers' normal and customary use of the Accused Products.

49.     Defendants have infringed multiple claims of the '615 patent, including independent claim 11. By way of example only, the Accused Product integrated into the Apple iPhone XS infringes an exemplary claim of the '615 patent, as in the description set forth above, which Solas provides without the benefit of information about the Accused Products obtained through discovery.

50.     Defendants have known how the Accused Products are made and have known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to customers, who integrate the Accused Products into products imported into and sold within the United States, would constitute willful infringement of the '615 patent.

51.     Defendants have induced, and continue to induce, infringement of the '615 patent by actively encouraging others (including customers) to use, offer to sell, sell, and import the Accused Products and devices that integrate the Accused Products.  On information and belief, these acts include providing information and instructions on the use and integrate the Accused Products;  providing information, education and instructions to its customers;  providing the Accused Products to customers; and indemnifying patent infringement within the United States.

52.     Solas has been damaged by Defendants' infringement of the '615 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Count 3 – Claim for infringement of the '338 patent.**

53.     Solas incorporates by reference each of the allegations in paragraphs 1–53 above and further alleges as follows:

54.     On November 4, 2008, the United States Patent and Trademark Office issued U.S. Patent No. 7,446,338, entitled "Display Panel."  Ex. 3.

55.    Solas is the owner of the '338 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

56.    Each claim of the '338 patent is valid, enforceable, and patent-eligible.

57.    Solas and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '338 patent, and Solas is entitled to damages for Defendants' past infringement.

58.    Defendants have directly infringed (literally and equivalently) and induced others to infringe the '338 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '338 patent and by inducing others to infringe the claims of the '338 patent without a license or permission from Solas.

59.    On information and belief, Defendants make, offer for sale, and sell certain infringing products such as OLED display panels to customers, who integrate the infringing products into products that are sold to consumers, such as laptop computers and mobile phones. For example, claim 1 of the '338 patent claims a display apparatus as follows.

**[preamble] "A display device comprising:"**

60.    The Accused Products integrated into infringing products are "display devices" for displaying information in, for example, Google Pixel phones such as the Google Pixel 3XL (shown below) and in the Samsung Galaxy S21-series of mobile phones.

**[1a] "a transistor array substrate which includes a plurality of pixels and comprises a plurality of transistors for each pixel, each of the transistors including a gate, a gate insulating film, a source, and a drain;"**

61.    The Accused Products contains a transistor array substrate:



62.     The transistor array substrate includes a plurality of pixels and comprises a plurality of transistors for each pixel, each of the transistors including a gate, a gate insulating film, a source, and a drain:



**[1b] "a plurality of interconnections which are formed to project from a surface of the transistor array substrate, and which are arrayed in parallel to each other;"**

32

63.    The Accused Products include a plurality of interconnections which are formed to project from a surface of the transistor array substrate:



64.    These interconnections are arrayed in parallel to each other:



**[1c] "a plurality of pixel electrodes for the plurality of pixels, respectively, the pixel electrodes being arrayed along the interconnections between the interconnections on the surface of the transistor array substrate;"**

65.     The Accused Products include a plurality of pixel electrodes for the plurality of pixels, respectively, the pixel electrodes being arrayed along the interconnections between the interconnections on the surface of the transistor array substrate:



**[1d]  "a plurality of light-emitting layers formed on the pixel electrodes, respectively;"**

66.     The Accused Products include a plurality of light-emitting layers formed on the pixel electrodes, respectively:





**[1e] "and a counter electrode which is stacked on the light-emitting layers,"**

67.    The Accused Products include  a counter electrode which is stacked on the light-emitting layers:



**[1f] "wherein said plurality of transistors for each pixel include a driving transistor, one of the source and the drain of which is connected to the pixel electrode, a switch transistor which makes a write current flow between the drain and the source of the**

**driving transistor, and a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period."**

68.     In the Accused Products, the plurality of transistors for each pixel includes a driving transistor, one of the source and the drain of which is connected to the pixel electrode:



69.     The plurality of transistors includes a switch transistor which makes a write current flow between the drain and the source of the driving transistor:



70.     The plurality of transistors includes a holding transistor which holds a voltage between the gate and source of the driving transistor in a light emission period:



71.     Defendants knowingly and intentionally induce and contribute to infringement of the '338 patent in violation of 35 U.S.C. §§ 271(b) and 271(c). Through the filing and service of this Complaint, Defendants have had knowledge of the '338 patent and the infringing nature of the Accused Products. On information and belief, Defendants have had knowledge of the '338 patent since around April 2015 and in any event no later than August 22, 2019, when Solas filed an amended complaint for patent infringement against Defendants in the Eastern District of Texas (Case No. 2:19-cv-152-JRG) alleging infringement of the '338 patent. Despite this knowledge of the '338 patent, Defendants continue to actively encourage and instruct customers to use and integrate the accused products in ways that directly infringe the '338 patent. Defendants do so knowing and intending that their customers will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the accused products, despite their knowledge of the '338 patent, thereby specifically intending for and inducing its customers to infringe the '338 patent through the customers' normal and customary use of the Accused Products.

72.     Defendants have infringed multiple claims of the '338 patent, including independent claim 1. By way of example only, the Accused Product integrated into the Google

Pixel 3XL phones infringes an exemplary claim of the '338 patent, as in the description set forth above, which Solas provides without the benefit of information about the Accused Products obtained through discovery.

73.     Defendants have known how the Accused Products are made and have known, or have been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products to their customers, who integrate the Accused Products into products imported into and sold within the United States, would constitute willful infringement of the '338 patent. Those products imported into and sold within the United States include, without limitation, Samsung Galaxy S21-series of phones, Apple iPhones, and Google Pixel phones.

74.     Defendants have induced, and continue to induce, infringement of the '338 patent by actively encouraging others (including their customers) to use, offer to sell, sell, and import the Accused Products and devices that integrate the Accused Products.   On information and belief, these acts include providing information and instructions on the use and integrate the Accused Products; providing information, education and instructions to its customers; providing the Accused Products to customers; and indemnifying patent infringement within the United States.

75.     Solas has been damaged by Defendants' infringement of the '338 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Jury demand.**

76.     Solas demands trial by jury of all issues.

**Relief requested.**

Solas prays for the following relief:

A.      A judgment in favor of Solas that Defendants have infringed the '042 patent, the '615 patent, and the '338 patent, and that the '042 patent, the '615 patent, and the '338 patent are valid, enforceable, and patent-eligible;

B.      A judgment and order requiring Defendants to pay Solas compensatory damages, costs, expenses, and pre- and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

C.      A permanent injunction prohibiting Defendants from further acts of infringement of the '042 patent, the '615 patent, and the '338 patent;

D.      A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Solas, including, without limitation, pre-judgment and post-judgment interest;

E.      A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Solas' reasonable attorney's fees and costs; and

F.      Any and all other relief to which Solas may be entitled.

Dated:   April 6, 2021                         Respectfully submitted,

/s/ Reza Mirzaie
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
James S. Tsuei
CA State Bar No. 285530
Email: jtsuei@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
Email: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**ATTORNEYS FOR PLAINTIFF,
SOLAS OLED, LTD.**