

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SOLAS OLED LTD. <br><br>     Plaintiff, <br><br>        v. <br><br> SAMSUNG DISPLAY CO., LTD., <br> SAMSUNG ELECTRONICS CO., LTD., <br> AND SAMSUNG ELECTRONICS <br> AMERICA, INC., <br><br>     Defendants. | Civil Action No. 2:21-cv-00104-JRG <br><br> |

**DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO.,
LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.'S
MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12 OR,
<u>ALTERNATIVELY, TO TRANSFER UNDER 28 U.S.C. § 1404(a)</u>**

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND ................................................................................................ 3

III.    LEGAL STANDARDS ....................................................................................... 7

    A.     Dismissal Under Federal Rule of Civil Procedure 12(b)(6) ................................... 7

    B.     Transfer Under Section 1404(a) ............................................................................. 7

    C.     Dismissal Under Federal Rule of Civil Procedure 12(b)(7) ................................... 8

IV.     ARGUMENT ...................................................................................................... 9

    A.     Solas's Claims on the '338 Patent Should Be Dismissed ..................................... 9

        1.     Claim Preclusion Bars Solas's Claims on the '338 Patent As A
             Result of the *Solas I* Litigation ................................................................. 9

        2.     Solas's Claims On the '338 Patent Would Also Be Barred By the
             Lump-Sum Verdict In *Solas I* ............................................................... 14

    B.     Solas's Claims on the '042 and '615 Patents Should Be Dismissed ................... 16

        1.     The '042 and '615 Patents Are ████████ .................................. 16

        2.     The ████████ Require Dismissal of Solas's Claims .............. 17

    C.     Alternatively, Solas's Suit Should Be Transferred to the SDNY ....................... 21

        1.     This Case Could Have Been Brought in the SDNY ................................ 21

        2.     The ████████████████ Apply .................... 21

        3.     The Public Interest Factors Collectively Favor Transfer .......................... 22

    D.     Dismissal or Transfer Is Also Required Because Neodron Is An
       Indispensable Party and Cannot Be Joined .......................................................... 23

        1.     Neodron Is An Indispensable Party ........................................................ 23

        2.     Inability to Join Neodron Mandates Dismissal or Transfer ..................... 24

V.      CONCLUSION .................................................................................................. 25

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ASARCO, L.L.C. v. Montana Res., Inc.*,
  858 F.3d 949 (5th Cir. 2017) ....................................................................9

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
  672 F.3d 1335 (Fed. Cir. 2012)...............................................................10

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*,
  571 U.S. 49 (2013)................................................................................8, 22

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F. 4th 1342 (Fed. Cir. 2021) .............................................................7, 13

*Brain Life, LLC v. Elekta Inc.*,
  746 F.3d 1045 (Fed. Cir. 2014).................................................................10

*Certain Capacitive Touch-Controlled Mobile Devices, Computers, and
  Components Thereof*,
  Inv. No. 337-TA-1193 (U.S. Int'l Trade Comm'n) ..................................4

*Cicalese v. Univ. of Texas Med. Branch*,
  924 F.3d 762 (5th Cir. 2019) ...................................................................13

*Claudio-De Leon v. Sistema Universitario Ana G. Mendez*,
  775 F.3d 41 (1st Cir. 2014)........................................................................7

*EVS Codec Techns., LLC v. LG Elecs., Inc.*,
  No. 2:18-cv-00343-JRG, 2019 WL 2904747 (E.D. Tex. July 5, 2019)...................................21

*Gabarick v. Laurin Maritime (America) Inc.*,
  753 F.3d 550 (5th Cir. 2014) ...................................................................13

*Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*,
  651 F.3d 1355 (Fed. Cir. 2011)..................................................................8

*Hammervold v. Blank*,
  3 F.4th 803 (5th Cir. 2021) ........................................................................9

*Hogue v. Royse City*,
  939 F.2d 1249 (5th Cir. 1991) .................................................................10

*HS Res., Inc. v. Wingate*,
  327 F.3d 432 (5th Cir. 2003) .....................................................................8

*Huang v. Huawei Techs. Co.*, Ltd.,
   787 F. App'x 723 (Fed. Cir. 2019) .......................................................11

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
   No. 13-cv-03677-JST, 2013 WL 10448869 (N.D. Cal. 2013) ................11

*Lucent Techs., Inc. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009)..............................................................15

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*,
   58 F.3d 616 (Fed. Cir. 1995)....................................................................9

*Martinez v. Bloomberg LP*,
   740 F.3d 211 (2d Cir. 2014)....................................................................18

*Miller v. Mercuria Energy Trading, Inc.*,
   291 F. Supp. 3d 509 (S.D.N.Y. 2018), *aff'd*, 774 F. App'x 714 (2d Cir. 2019)......................7

*Montecosaro Soc. Cooperativa v. Small*,
   852 F. App'x 15 (2d Cir. 2021) ...............................................................20

*Neodron Ltd. v. Samsung Elecs. Co., Ltd. et al.*,
   No. 6:20-cv-00121-ADA (W.D. Tex.)........................................................5

*NuMSP, LLC v. St. Etienne*,
   462 F. Supp. 3d 330 (S.D.N.Y. 2020).....................................................18

*Nystrom v. Trex Co.*,
   580 F.3d 1281 (Fed. Cir. 2009)...............................................................10

*Optimum Content Prot., LLC v. Microsoft Corp.*,
   No. 6:13-cv-00741-KNM, 2014 WL 12452439 (E.D. Tex. Aug. 25, 2014) .........................24

*Personal Audio, LLC v. Apple, Inc.*,
   No. 9:09-cv-00111-RC, 2011 WL 3269330 (E.D. Tex. July 29, 2011) ................................15

*In re PersonalWeb Techs. LLC.*,
   961 F.3d 1365 (Fed. Cir. 2020)..................................................................1

*Pulitzer Polster v. Pulitzer*,
   784 F.2d 1305 (5th Cir. 1986) .................................................................23

*Rousset v. AT&T Inc.*,
   No. 1:14-cv-00843-LY, 2015 WL 9473821 (W.D. Tex. Dec. 28, 2015) .................................7

*Samsung Display Co., Ltd. v. Solas OLED Ltd. et al.*,
   No. 1:21-cv-07201-UA (S.D.N.Y.) ........................................................3, 6

*Samsung Display Co., Ltd. v. Solas OLED Ltd.*,
 No. IPR2020-00320 (P.T.A.B. June 7, 2021) ..........................................................2

*Samsung Elecs. Co., Ltd. et al. v. Solas OLED Ltd. et al.*,
 No. 1:21-cv-05205-LGS (S.D.N.Y.) ...................................................................3, 6

*Solas OLED Ltd. v. Dell Techs. Inc.*,
 No. 6:19-cv-00514-ADA (W.D. Tex.) .....................................................................4

*Solas OLED Ltd. v. Apple Inc.*,
 No. 6:19-cv-00537-ADA (W.D. Tex.) .....................................................................4

*Solas OLED Ltd. v. Google Inc.*,
 No. 6:19-cv-00515-ADA (W.D. Tex.) .....................................................................4

*Solas OLED Ltd. v. Samsung Display Co., Ltd. et al.*,
 No. 2:19-cv-00152-JRG (E.D. Tex.) ............................................................. *passim*

*Solas OLED Ltd. v. Samsung Elecs. Co., Ltd. et al.*,
 No. 2:21-cv-00105-JRG (E.D. Tex.) ...............................................................2, 6, 17

*Summit 6, LLC v. Samsung Elecs. Co., Ltd.*,
 802 F.3d 1283 (Fed. Cir. 2015) ..............................................................................14

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
 137 S. Ct. 1514 (2017) ............................................................................................21

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*,
 No. 2:17-cv-00671-JRG, 2018 WL 8014281 (E.D. Tex. Sept. 5, 2018) .................22

*Thompson v. City of Waco, Texas*,
 764 F.3d 500 (5th Cir. 2014) ....................................................................................7

*In Re Volkswagen AG*,
 371 F.3d 201 (5th Cir. 2004) ...............................................................................8, 22

*In Re Volkswagen of Am., Inc.*,
 545 F.3d 304 (5th Cir. 2008) ..........................................................................7, 8, 21

*Vuzix Corp. v Pearson*,
 No. 1:19-cv-00689-NRB, 2019 WL 5865342 (S.D.N.Y Nov. 6, 2019) ..................19

*Weber v. PACT XPP Techs., AG*,
 811 F.3d 758 (5th Cir. 2016) ..................................................................................18

*Yeda Rsch. & Dev. Co. Ltd. v. iCAD, Inc.*,
 No. 1:18-cv-08083-GBD, 2019 WL 4562409 (S.D.N.Y. Sept. 5, 2019) .................18

*Zix Corp. v. Echoworx Corp.*,
   No. 2:15-cv-01272-JRG, 2016 WL 7042221 (E.D. Tex. June 9, 2016) ............................8, 22

**Statutes**

28 U.S.C. § 1400(b) ...........................................................................................................21

28 U.S.C. § 1404(a) ....................................................................................................7, 8, 21

**Rules**

Fed. R. Civ. P. 8(a)(2) ........................................................................................................7

Fed. R. Civ. P. 12(b)(6) ......................................................................................................7

Fed. R. Civ. P. 12(b)(7) ..................................................................................................8, 23

Fed. R. Civ. P. 19(a) ........................................................................................................23

Fed. R. Civ. P. 19(b) ....................................................................................................23, 25

## I.    INTRODUCTION

In this suit, Solas asserts three patents against Samsung Display Co., Ltd. ("SDC"), Samsung Electronics Co., Ltd. ("SEC"), and Samsung Electronics America, Inc. ("SEA") (collectively, the "Defendants"): U.S. Patent Nos. 7,446,338 (the "'338 patent"), 7,499,042 (the "'042 patent"), and 7,663,615 (the "'615 patent"). All of Solas's claims should be dismissed.

*First*, Solas's claims on the '338 patent are barred under well-established principles of claim preclusion. "Claim preclusion bars both those claims that were brought as well as those that could have been brought in the earlier lawsuit." *In re PersonalWeb Techs. LLC.*, 961 F.3d 1365, 1374 (Fed. Cir. 2020). In the Amended Complaint, Solas attempts to re-assert claims of infringement of the '338 patent that Solas not only *could have* asserted, but *did in fact* assert, in a prior case it brought against Defendants in this Court in May 2019—*Solas OLED Ltd. v. Samsung Display Co., Ltd. et al.*, No. 2:19-cv-00152-JRG (E.D. Tex.) ("*Solas I*").

In the prior case, Solas claimed infringement of the '338 patent based on accusations against Samsung Galaxy phones, Apple iPhones, and Google Pixel phones, as well as "all variations, editions, and applications" thereof. Solas pursued and was provided discovery on the wide range of accused products. Defendants ultimately moved for summary judgment of non-infringement as to the Apple iPhones and recently released Samsung Galaxy phones, showing that based on undisputed facts including admissions of Solas's expert, these products could not infringe the '338 patent. In response, Solas argued that the issue was moot because Solas had "dropped" those products such that there was no longer any "case or controversy" as to them. Solas never contested that the products cannot infringe.

Notwithstanding those representations, shortly after the jury issued its verdict in *Solas I*, Solas filed this brand new suit against Defendants, *re-accusing* Apple's iPhones and Google's

Pixel phones of infringing the '338 patent. Solas also tacks on accusations against the Samsung Galaxy S21 series phones, even though Solas's counsel explained to the jury at trial in *Solas I*—after the S21 series' release—that Defendants had "stopped using" the technology of the '338 patent. Solas provides no factual allegations as to how Samsung Galaxy S21 phones could plausibly infringe the '338 patent.[1] Solas's claims are precluded and, as Solas well knows, unfounded. Further, the relief Solas seeks on the '338 patent would be barred by the lump-sum award on the '338 patent in *Solas I* if that award were upheld, as the lump sum would encompass all past and future use of the patent by Defendants.

*Second*, Solas's infringement claims on the '042 and '615 patents should be dismissed because ███████████████████████████████.[2] ████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████ require dismissal with prejudice of any lawsuit involving ███████████. In view of recent actions by Solas indicating that the '042 and '615

---

[1] In addition, the PTAB has issued a final written decision holding all challenged claims of the '338 patent—including the sole patent claim as to which Solas provides allegations in its Amended Complaint—unpatentable. *See Samsung Display Co., Ltd. v. Solas OLED Ltd.*, No. IPR2020-00320, Paper 36 (P.T.A.B. June 7, 2021).

[2] Defendants SEC and SEA have raised this same ████ defense in moving to dismiss or transfer still another action Solas brought against them before this Court. *See Solas OLED Ltd. v. Samsung Elecs. Co., Ltd. et al.*, No. 2:21-cv-00105-JRG (E.D. Tex.), ECF No. 16. That motion remains pending.

██████████████████████████████████████

patents are controlled or licensable by Neodron, those patents are within the scope of ███████

█████ and Solas's claims on those patents must be dismissed.

To the extent that Solas and Neodron attempt to dispute the applicability of the ████

████████, that issue is itself governed by ███████████████████████████████

████████████ requiring all disputes relating to ████████████ to be decided by a court in New

York. By proceeding in New York this case could also include Neodron, a necessary party that is

not subject to jurisdiction in this District. Defendants have respectively filed complaints in the

Southern District of New York ("SDNY") naming Solas and Neodron and seeking, among other

things, declarations of their rights to the '042 and '615 patents. *See Samsung Elecs. Co., Ltd. et al.

v. Solas OLED Ltd. et al.*, No. 1:21-cv-05205-LGS (S.D.N.Y.); *Samsung Display Co., Ltd. v. Solas

OLED Ltd. et al.*, No. 1:21-cv-07201-UA (S.D.N.Y.). Accordingly, if this case is not dismissed,

Defendants respectfully request that the Court transfer it to the SDNY, so that these intertwined

issues may be resolved by a single District Court having jurisdiction over all necessary parties.

## II.    BACKGROUND

Solas filed its first suit against Defendants in May 2019 in this District. *Solas OLED Ltd.

v. Samsung Display Co., Ltd. et al.*, No. 2:19-cv-00152-JRG (E.D. Tex.) ("*Solas I*"). As relevant

here, in that first suit Solas accused Samsung Galaxy phones, Apple iPhones, and Google Pixel

phones of infringing the '338 patent. At the close of discovery, Defendants moved for summary

judgment of non-infringement as to the Apple iPhone products and recently released Samsung

Galaxy products that Solas's expert had admitted in deposition did not infringe. *Solas I*, ECF No.

139 at 14–17. In the meantime, Solas had unilaterally dropped certain other products, including

the Google Pixel phones.

Solas did not oppose summary judgment on any substantive grounds, but instead argued that the issue was moot because Solas had "dropped" the Apple iPhones and recently released Samsung Galaxy phones such that there was no longer any "case or controversy" as to those products. *Solas I*, ECF No. 165 at 9–10; *Solas I*, 9/8/2020 Pre-Trial Conf. Tr. (Public), ECF No. 263 at 167:24–168:7. Following Solas's representations, this Court denied Defendants' summary judgment motion on the ground that there was no longer a case or controversy as to the products that Solas dropped from the case. *Id.* at 170:14–17.

*Solas I* was tried to a jury in this Court and resulted in a verdict on March 8, 2021. The verdict included an award of lump-sum damages of approximately $27 million covering Defendants' "past and future" sales of products covered by the '338 patent. *Solas I*, ECF No. 341. This Court entered final judgment on March 23, 2021. *Id.*, ECF No. 356. Defendants filed post-trial motions for a new trial and for judgment as a matter of law of non-infringement, which are pending. *See id.*, ECF Nos. 372 and 374.

Since filing the original suit (*Solas I*), Solas and Neodron have filed no fewer than twelve lawsuits in the United States against Defendants, asserting dozens of patents. In August and September 2019, Solas filed actions in the Western District of Texas against SDC's customers Dell, Google, and Apple, alleging infringement of the patents Solas had asserted against Defendants in *Solas I. See Solas OLED Ltd. v. Dell Techs. Inc.*, No. 6:19-cv-00514-ADA (W.D. Tex.); *Solas OLED Ltd. v. Google Inc.*, No. 6:19-cv-00515-ADA (W.D. Tex.); *Solas OLED Ltd. v. Apple Inc.*, No. 6:19-cv-00537-ADA (W.D. Tex.). In February 2020, Neodron filed actions in the International Trade Commission and Western District of Texas asserting additional patents against SEC and SEA. *See Certain Capacitive Touch-Controlled Mobile Devices, Computers, and*

*Components Thereof*, Inv. No. 337-TA-1193 (U.S. Int'l Trade Comm'n); *Neodron Ltd. v. Samsung Elecs. Co., Ltd. et al.*, No. 6:20-cv-00121-ADA (W.D. Tex.).

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████

On March 22, 2021, two weeks after the jury returned its verdict in *Solas I*, Solas filed this Action against Defendants, re-asserting the '338 patent and also asserting the '042 and '615 patents. *See* ECF No. 1. On the same day, Solas filed another action against SEC and SEA asserting two other patents: U.S. Patent Nos. 9,292,144 (the "'144 patent") and 8,526,767 (the "'767



patent"). *See Solas OLED Ltd. v. Samsung Elecs. Co., Ltd. et al.*, No. 2:21-cv-00105-JRG (E.D. Tex.), ECF No. 1. Following these new filings, Defendants discovered that multiple Solas-owned patents—the recently-asserted '144 patent and U.S. Patent Nos. 9,256,311 (the "'311 patent," asserted by Solas in *Solas I*) and 8,736,551 (the "'551 patent")—were ███████████ ██████████████████████ SEC informed Neodron that Solas had filed a suit against SEC on ████████████, and, shortly afterward, Solas dropped the '144 patent from that suit. *See Solas OLED Ltd. v. Samsung Elecs. Co., Ltd. et al.*, No. 2:21-cv-00105-JRG (E.D. Tex.), ECF No. 11. In view of this evidence of Neodron's control over Solas, and for the reasons explained below, it has now become apparent that the '338, '042, and '615 patents at issue in this case are ███████ ██████████████████████████████████████.

Upon determining that Solas's suits were breaches of ███████████████, Defendants notified Solas and Neodron that this Action was improper for multiple reasons, including because Solas already pursued its claims on the '338 patent through to final judgment in *Solas I* and because ████████████████████████. *See* Letter from J. Lerner to Counsel for Solas and Neodron (Aug. 13, 2021) (Exhibit 3). To date, however, Solas has refused to dismiss this suit.

Faced with Solas's persistence in ██████████████, Defendants have sought recourse in the SDNY by filing complaints seeking, among other things, declarations of their rights to the '042 and '615 patents. *See Samsung Elecs. Co., Ltd. et al. v. Solas OLED Ltd. et al.*, No. 1:21-cv-05205-LGS (S.D.N.Y.), ECF No. 36 (Exhibit 4); *Samsung Display Co., Ltd. v. Solas OLED Ltd. et al.*, No. 1:21-cv-07201-UA (S.D.N.Y.), ECF No. 1 (Exhibit 5). These cases were filed in New York because ██████████████████████████████

██████████████████████████████████████████████████

## III. LEGAL STANDARDS

### A. Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive dismissal, a plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Bot M8 LLC v. Sony Corp. of Am.*, 4 F. 4th 1342, 1353 (Fed. Cir. 2021).

A complaint may be dismissed pursuant to Rule 12(b)(6) based on a ██████████ ███. *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir. 2014) (deeming "a motion to dismiss based on a ███████████ as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6)") (internal quotation marks omitted); *see also, e.g.*, *Rousset v. AT&T Inc.*, No. 1:14-cv-00843-LY, 2015 WL 9473821, at *2 (W.D. Tex. Dec. 28, 2015).

### B. Transfer Under Section 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To justify transfer, Defendants must first show that the claims "might have been brought" in the proposed transferee district. *In Re Volkswagen of Am., Inc.*, 545 F.3d 304,

---

³ ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████ *Miller v. Mercuria Energy Trading, Inc.*,
291 F. Supp. 3d 509, 517 (S.D.N.Y. 2018), *aff'd*, 774 F. App'x 714 (2d Cir. 2019).

312–13 (5th Cir. 2008) ("*Volkswagen II*"). Second, Defendants must show "good cause" by demonstrating that the "transferee venue is clearly more convenient" than the transferor district, taking into account private and public interest factors. *Id.* at 315; *In Re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

Where the transferee venue ███████████████████████████████, the Court should transfer the case to ████████████ "in all but the most exceptional cases." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59–60 (2013). This often arises when, as is the case here, a defendant accused of patent infringement asserts a defense based on █ ███████████████ *See, e.g.*, *Zix Corp. v. Echoworx Corp.*, No. 2:15-cv-01272-JRG, 2016 WL 7042221, at *1 (E.D. Tex. June 9, 2016). In such instances, a court should first determine if █ ███████████████████████, *see Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011), and if it does, the court should "adjust [its] usual § 1404(a) analysis in three ways." *Atl. Marine*, 571 U.S. at 63. "First, the plaintiff's ███████████ merits no weight" and "the plaintiff bears the burden of establishing that transfer to ███████████████ ███████████ is unwarranted." *Id.* Second, while public interest factors remain relevant, the Court "should not consider arguments about the parties' private interests." *Id.* at 64. Third, the transfer "will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.*

## C. Dismissal Under Federal Rule of Civil Procedure 12(b)(7)

Federal Rule of Civil Procedure 12(b)(7) provides that a federal court should dismiss a plaintiff's claims when it cannot join an indispensable party as required by Federal Rule of Civil Procedure 19. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003).

## IV.  ARGUMENT

### A.  Solas's Claims on the '338 Patent Should Be Dismissed

Solas's claims on the '338 patent are precluded by *Solas I* under the doctrine of claim preclusion and facially implausible in view of admissions by Solas at trial in that case that Defendants had already stopped using the alleged inventions of the '338 patent. Moreover, the lump-sum verdict on the '338 patent in *Solas I* would, if upheld, also preclude the relief sought by Solas.[4]

#### 1.  Claim Preclusion Bars Solas's Claims on the '338 Patent As A Result of the *Solas I* Litigation

Solas's Amended Complaint accuses "Apple iPhones," "Google Pixel phones," and the Samsung Galaxy S21 series phones of infringing the '338 patent. ECF No. 9 at 31–38. All of these claims should be dismissed.

##### a)  Apple iPhones and Google Pixel Phones

Solas's claims that Apple iPhones and Google Pixel phones allegedly infringe the '338 patent are barred by claim preclusion.

Claim preclusion bars the litigation of claims that "were actually raised or could have been raised" in an earlier suit. *Hammervold v. Blank*, 3 F.4th 803, 809 (5th Cir. 2021); *see also ASARCO, L.L.C. v. Montana Res., Inc.*, 858 F.3d 949, 955 (5th Cir. 2017) (emphasizing claim preclusion's "far-reaching force" insofar as it "also bars claims that could have been brought in the earlier suit"). Under the claim-splitting doctrine, "a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits." *Mars Inc. v. Nippon*

---

[4] If this Court enters JMOL of non-infringement of the '338 patent in *Solas I* or if a judgment to that effect is entered after appeal, the judgment will preclude Solas from alleging infringement by any products "materially identical" to the products found non-infringing in *Solas I*, including the dropped Apple iPhones and Google Pixel phones. *See infra*, Section IV.A.1(a).

*Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995); *see also Hogue v. Royse City*, Texas, 939 F.2d 1249, 1255 (5th Cir. 1991) ("Texas courts disapprove of claim-splitting: 'we believe it is well settled that a litigant may not ordinarily split his claim….'") (quoting *Martin v. Phillips Petroleum Co.*, 455 S.W. 2d 429, 436 (Tex. Civ. App. 1970)).

In patent infringement cases, claim preclusion applies to any "infringing acts or products ***that are accused in the first action or could have been made subject to that action***," *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1343 (Fed. Cir. 2012) (emphasis added), and bars allegations of any such acts of infringement that predate the final judgment in the first action, *see Brain Life, LLC v. Elekta Inc.*, 746 F.3d 1045, 1053 (Fed. Cir. 2014) ("Without a doubt, these principles [of claim preclusion] bar the assertion of infringement … to the extent the alleged acts of infringement predate the final judgment in the [prior] Litigation."). Preclusion also applies if the earlier accused devices and the devices accused in the second action are "materially identical" for infringement purposes. *Nystrom v. Trex Co.*, 580 F.3d 1281, 1285–86 (Fed. Cir. 2009).

Claim preclusion arising out of *Solas I* bars Solas's claims on the '338 patent in this action. It is indisputable that Solas *could* have alleged infringement by the Apple iPhones and Google Pixel phones in *Solas I*, for the simple reason that Solas *actually accused* those products in that suit. *See Solas I*, ECF No. 117-1 at 3–4 (Solas's infringement contentions, accusing the "Apple iPhone X," "Apple iPhone XS," "Apple iPhone XS Max," "Apple iPhone 11 Pro," "Apple iPhone 11 Pro Max," "Google Pixel," "Google Pixel XL," "Google Pixel 3 XL," "Google Pixel 3a," "Google Pixel 3a XL," and "all variations, editions, and applications of the foregoing[] and all products and apparatuses of Samsung similar to the foregoing" of "infringing each of the Asserted Claims of the '338 patent"). Solas took the position that the Apple iPhones and Google Pixel

phones were materially identical to all other accused products for infringement purposes. *See Solas I*, ECF No. 131 at 1 ("Solas's claim charts expressly identify the infringement theories mapped therein as being applicable [to] *all accused products* under the three asserted patents.") (emphasis added); *id.* at 2 ("[Solas's] claim charts were 'representative' and … *the theories of infringement were identical across the accused products* listed in the cover pleading of its infringement contentions.") (emphasis added); *id.* at 5 (same); *Solas I*, ECF No. 161 at 2 (same); *cf. Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 13-cv-03677-JST, 2013 WL 10448869 (N.D. Cal. 2013) (holding that plaintiff's infringement contentions in first action "establish that the models at issue 'infringe in the same manner as the original accused [models]'" such that "no genuine dispute exists in respect to whether the models at issue meet the 'essentially the same' standard"); *Xiaohua Huang v. Huawei Techs. Co.*, Ltd., 787 F. App'x 723, 726 (Fed. Cir. 2019).

Defendants even moved for summary judgment of non-infringement in *Solas I* as to the Apple iPhone products based on the developed discovery record. *See Solas I*, ECF No. 139 at 14–16. Solas did not oppose the substance of the motion. Instead, Solas simply argued that the issue was moot because the Apple iPhones and other products "not accused in Solas's expert report" were "dropped products" for which there was "no case or controversy." *Solas I*, ECF No. 165 at 9–10. At the pretrial conference, Solas argued to the Court that "any issues concerning the infringement by th[e Apple] products is moot in this case" because Solas "dropped" those products. *Solas I*, 9/8/2020 Pre-Trial Conf. Tr. (Public), ECF No. 263 at 167:24–168:7. Following Solas's representations, this Court denied Defendants' motion for summary judgment on the Apple iPhone products on the ground that there was "no genuine case or controversy" "as to dropped products." *Id.* at 170:14–17.

Having accused the Apple iPhones and Google Pixel phones of infringing the '338 patent in *Solas I*, Solas cannot now bring these claims in a new suit after entry of final judgment in *Solas I*. Indeed, it would be particularly unfair and contrary to principles of judicial economy and finality for Solas, after having avoided summary judgment of noninfringement on a fully developed factual record based on its representations that there was no case or controversy because it had "dropped" products, to be permitted to turn around and proceed with a new suit accusing those same products of infringement.

### b) Samsung Galaxy S21 Series

Solas is also estopped from alleging that the Samsung Galaxy S21 series phones infringe the '338 patent, and in any event its Amended Complaint fails to allege facts that could plausibly support any claim of infringement.

In Solas's opening statement in the *Solas I* trial in March 2021—after the Samsung Galaxy S21 series' release in January 2021—counsel for Solas admitted that Defendants had "stopped using" the technology of the '338 patent. *Solas I*, 3/1/2021 Tr. (Public), ECF No. 344 at 207:12–13 (Solas's Opening Statement) ("*The '338 patent is a patent that they [Defendants] stopped using*, but remember what the damages statute says, paid for the use made of the invention.") (emphasis added).[5] Consistent with this admission, prior to trial, Solas had dropped from its list of accused products ten recent Samsung Galaxy models that had all been released before the S21 series: the S10, S10+, S10e, S10 5G, Note 10, Note 10+, S20, S20+, S20 Ultra, and Z Flip. Indeed, before the release of the S21 series, Solas's expert had acknowledged in deposition that Defendants' "later models" did not infringe the '338 patent. *Solas I*, ECF No. 139 at 17 (testimony of Mr. Credelle

---

[5] Defendants dispute that they ever "used" the technology of the '338 patent, but that is immaterial to this motion.

that the "later models through a design change didn't—were not infringing the '338 [patent]"). Solas had also opposed entry of summary judgment on these products by arguing that they were "dropped products" for which "there is no case or controversy." *Solas I*, ECF No. 165 at 9–10; *Solas I*, 9/8/2020 Pre-Trial Conf. Tr. (Public), ECF No. 263 at 167:24–168:7.

In view of its counsel's admission at trial, Solas cannot now allege in this Action that the Samsung Galaxy S21 series phones infringe the '338 patent. *See Gabarick v. Laurin Maritime (America) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014) ("Judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.").

Moreover, putting aside estoppel, Solas has not pled a facially plausible claim of infringement and thus has not satisfied *Twombly*'s pleading standard. *See Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (emphasizing that in order for a claim to have the requisite "facial plausibility," the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and that "the facts alleged 'must be enough to raise a right to relief above the speculative level'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Twombly*, 550 U.S. at 555).

Solas's Amended Complaint offers no factual allegations as to how the Samsung Galaxy S21 could infringe any claim of the '338 patent. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F. 4th 1342, 1353 (Fed. Cir. 2021) ("[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."). The sole factual allegations proffered in Solas's Amended Complaint are images of teardowns of the Google Pixel

3 XL—an entirely different and unrelated product (and also one which Solas had accused but then dropped in *Solas I*). *See* ECF No. 9 at 30–37. Solas makes no factual allegations concerning the design or operation of the Samsung Galaxy S21 series phones to support a claim that any of those phones meet every limitation of a claim of the '338 patent. The lack of any such factual allegation is particularly glaring in view of Solas's counsel's admission at trial in *Solas I* that Defendants had "stopped using" the technology of the '338 patent; Solas's tacit admission that the ten Samsung Galaxy phone models released prior to the S21 series did not infringe, in dropping them prior to the *Solas I* trial; and the explicit admission of Solas's expert in *Solas I* that the ten Samsung Galaxy phone models released prior to the S21 series did not infringe the '338 patent.

### 2. Solas's Claims On the '338 Patent Would Also Be Barred By the Lump-Sum Verdict In *Solas I*

Even were Solas's claims on the '338 patent not barred by claim preclusion and entirely lacking in plausibility, they should still be dismissed because they would be barred by the lump-sum jury verdict on the '338 patent if that verdict is upheld. In *Solas I*, the jury awarded Solas lump-sum damages of approximately $27 million for Defendants' "past and future" infringement of the '338 patent, and this Court entered final judgment in accordance with the verdict on March 23, 2021. *Solas I*, ECF Nos. 341 and 356. Defendants have filed post-trial motions for a new trial and for judgment as a matter of law of non-infringement, which are pending, but if the judgment is maintained then it would by the nature of the lump-sum structure compensate Solas for any and all usage of the '338 patent by Defendants, and would not permit Solas to seek *further* relief.

It is well established the award of one-time, lump-sum damages that cover the life of a patent precludes demands for additional royalties. *See, e.g.*, *Summit 6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1300–01 (Fed. Cir. 2015) (affirming denial of request for ongoing royalty "because the jury award compensated [plaintiff] for both past and future infringement through the

life of the patent"); *Personal Audio, LLC v. Apple, Inc.*, No. 9:09-cv-00111-RC, 2011 WL 3269330, at *6–8 (E.D. Tex. July 29, 2011); *see also Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1326 (Fed. Cir. 2009) ("A lump-sum license . . . cap[s] [the licensee's] liability and giv[es] it the ability, usually for the remainder of the patent term, to actually use the patented technology in its own products without any further expenditure.").

In *Solas I*, the jury awarded Solas a lump sum of $27,326,497.00 as compensation for Defendants' alleged use of the '338 patent, and the verdict form expressly states this was an award "representing damages for past and future sales." *Solas I*, ECF No. 341 at 8. Moreover, the jury was instructed that "the lump sum royalty is when the infringer pays *a single price for a license covering both past and future infringing sales*," such that "[i]f you decide that a lump sum is appropriate, then the damages you award, if any, should reflect the *total amount* necessary to compensate Solas for Defendants' *past and future infringement*." *Solas I*, 3/8/2021 Tr. (Public) 895:22–896:4 (Jury Instructions) (emphasis added). The *Solas I* trial record leaves "no doubt that the intent of the lump sum royalty option … was to allow the jury to determine a reasonable lump sum royalty for all past and future use of the patented technology." *Personal Audio*, 2011 WL 3269330 at *6.

As Solas's counsel highlighted at trial, whether an appropriate form of damages should be a running royalty (according to Solas's expert, Mr. Dell) or a lump sum (according to Defendants' expert, Mr. Martinez) was "[o]ne of the big areas of disagreement." *Solas I*, 3/5/2021 Tr. (Public), ECF No. 352 at 754:15–17 (Mr. Ward). In his testimony, Mr. Martinez made clear that the lump-sum approach would compensate Solas once and for all for Defendants' use of the '338 patent, no matter how little or much Defendants might end up using the patented technology in the future. *See, e.g.*, *Solas I*, 3/5/2021 Tr. (Public), ECF No. 352 at 745:23–746:6 (with a "lump sum royalty,"

███████████████████████████████████

"[y]ou pay a fixed amount, and you get rights until that patent expires"); *id.* 757:22–758:15 ("a lump sum is more efficient; both parties know the certainty at the outset of the arrangement[,] exactly what the license fee is," such that "a lump sum does not require a lot of the other monitoring that a running royalty requires"); *id.* 759:16–760:1 (with a "lump sum approach," "[t]here's no monitoring that has to go on during the course of the arrangement")███████████████████ ████████████████████████████████████████████████ ██████████████████████████████████.

Because the lump-sum royalty would fully compensate Solas for any past and future use of the '338 patent by Defendants, Solas in a new suit would not be entitled to seek any *additional* royalties in connection with alleged use of this patent.

Thus, even if Solas ultimately prevails in *Solas I*, the lump-sum verdict on the '338 patent in that case would bar Solas's claims in this case. On the other hand, if Defendants prevail and the '338 patent is found to not have been infringed, or the PTAB's invalidity determination is upheld, then Solas's claims in this case would be barred by issue preclusion. Irrespective of the ultimate disposition of *Solas I*, Solas's new claims on the '338 patent necessarily fail.

### B.    Solas's Claims on the '042 and '615 Patents Should Be Dismissed

Solas is not entitled to relief on the '042 and '615 patents because ███████████████ ██████████ and Solas is bound to ███████████████████████████████ ████████████████████████████████████████████████.

### 1.    The '042 and '615 Patents Are ███████████████

██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ████████████████████ Neodron's actions indicate that Neodron exercises control over Solas and

16

█████████████████████████████████████

its patent portfolio, such that the '042 and '615 patents owned by Solas are ████████████████

████████████████████████████████

 First, ██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████ Patent Assignment Abstract of Title, U.S. Patent No. 9,292,144 (last accessed August 27, 2021) at 1 (Exhibit 6); Patent Assignment Abstract of Title, U.S. Patent No. 8,736,551 (last accessed August 27, 2021) at 1 (Exhibit 7); Patent Assignment Abstract of Title, U.S. Patent No. 9,256,311 (last accessed August 27, 2021) at 1–2 (Exhibit 8). ████████████████████████████████████████████

████████████████████ Neodron cannot now argue otherwise.

 Second, shortly after SEC informed Neodron that Solas had filed a suit against SEC and SEA on ████████████████████████████, Solas dropped the '144 patent████████████ ████████████████████████████ from that lawsuit. *See Solas OLED Ltd. v. Samsung Elecs. Co., Ltd. et al.*, No. 2:21-cv-00105-JRG (E.D. Tex.), ECF No. 11. This sequence of events shows that Neodron has control over Solas.

 Due to Neodron's level of control over Solas and its patent portfolio, demonstrated by ████████████████████████████████████████████████ Solas dismissing claims based on such patents following SEC's notification to Neodron, the '042 and '615 patents owned by Solas should ██████████████████████████████████████████.

  **2.**  ████████████████████ **Require Dismissal of Solas's Claims**

   **a)**  **Solas Is a** ████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████



Solas appears to maintain that it owns the '144, '551, and '311 patents. For these reasons, Solas should be deemed a ████████████ ████████ and should be required to dismiss this suit with prejudice.

**b)**  **Solas and Neodron Are Closely Related**

Neodron and Solas are also sufficiently closely related that Solas should be bound to ████ ████████████████████████████.

New York substantive law governs whether Solas is bound to ██████████████ ████████████████████████████████████████ *Martinez v. Bloomberg LP*, 740 F.3d 211, 220 (2d Cir. 2014); *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016). In New York, a ████████████ may bind a non-signatory when the non-signatory is "closely related" to a signatory. *Casville Invs., Ltd. v.* Kates, No. 1:12-cv-06968-RA, 2013 WL 3465816, at *5 (S.D.N.Y. July 8, 2013). The key inquiry is whether "enforcement of the ████████████ is foreseeable by virtue of the relationship between the signatory and the party sought to be bound." *Yeda Rsch. & Dev. Co. Ltd. v. iCAD, Inc.*, No. 1:18-cv-08083-GBD, 2019 WL 4562409, at *6 (S.D.N.Y. Sept. 5, 2019). New York courts "have generally found such 'close relationship' … (1) where the non-signatory had an active role in the transaction between the signatories, or (2) where the non-signatory had an active role in the company that was the signatory." *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 351 (S.D.N.Y. 2020) (quoting *Vuzix*

████████████████████████████████████████

*Corp. v Pearson*, No. 1:19-cv-00689-NRB, 2019 WL 5865342, at *5 (S.D.N.Y Nov. 6, 2019) (internal quotation marks omitted)). Some courts have also found that "[n]on-signatory alter-egos, corporate executive officers, and successors-in-interest," as well as "third-party beneficiar[ies]" could satisfy the "closely related" test. *Vuzix*, 2019 WL 5865342 at *5.

Solas and Neodron are closely related and interconnected. First, the two entities share the same corporate address: Suite 23, The Hyde Building Carrickmines, Dublin 18 Ireland. *See* Orbis Int'l, Neodron Limited Search (last updated August 27, 2021) at 1, 2 (Exhibit 9); Orbis Int'l, Solas OLED Limited Search (last updated August 27, 2021) at 1, 2 (Exhibit 10).

Second, Neodron's four shareholders are four of Solas's five listed shareholders. *See* Ex. 9 at 12; Ex. 10 at 14. Some of these individuals also use the same address for both Solas and Neodron when listing where they work. *Compare* Neodron June 2020 Annual Report (Exhibit 11), *with* Solas 2020 Annual Report (Exhibit 12).

Third, all of the members of Neodron's board of directors are also members of Solas's board of directors, and they are all also listed as senior management in both companies. *See* Ex. 9 at 10; Ex. 10 at 11. Of particular relevance here, Ciaran O'Gara ████████████████████ as Director of Neodron and has also served as Managing Director of Solas since October 2016. *See* ████████████████████████ Ciaran O'Gara, LINKEDIN https://ie.linkedin.com/in/ciaran-o-gara-6324b1147 (last visited August 27, 2021) (Exhibit 13); *see also* Ex. 12 at 2–3. Similarly, ████████████████ Mr. Padian as the Chairman of the Board of Neodron, yet Mr. Padian has also been a Director of Solas for the last five years. *See* █ ████████████████████████ Gerald Padian, LINKEDIN, https://ie.linkedin.com/in/geraldpadian (last visited August 27, 2021) (Exhibit 14); *see also* Ex. 12 at 4–5. Mr. Padian even appears to include the two entities in single communications. For example,

in May 2021, ███████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████████
███████████████████ (Exhibit 15, annotated). Mr. Padian responded that █████████████
██████████████████████ but offered, on Solas's behalf, to ████████████████████
████████████████ *See* E-mail from J. Padian to C. Ahn (May 17, 2021, 10:44 PM PT) (Exhibit
16, annotated). In other words, in a single email Mr. Padian spoke for both Neodron and Solas on
████████████████████████████████████████████

Thus, not only do Solas and Neodron share offices and have overlapping shareholders,
officers, and directors, but officers and directors of Solas negotiated ███████████████████████
██████████████████████████████████████████████████████████████████████
Non-signatory Solas therefore had full knowledge of ████████████████████ and should have
foreseen that it would be bound by ████████████████████.

████████████████████████ require dismissal of Solas's claims. To determine whether █
███████████████████ warrants dismissal, courts consider (1) "whether █████████ was reasonably
communicated to the party resisting enforcement," (2) "whether █████████ is mandatory or
permissive," (3) "whether the claims and parties involved in the suit are subject to █████████
████████████," and (4) "whether … enforcement would be unreasonable or unjust, or … ███████
███ was invalid." *Banca Di Credito Cooperativo di Civitanova Marche e Montecosaro Soc.
Cooperativa v. Small*, 852 F. App'x 15, 19 (2d Cir. 2021). All four elements are met here. First,
Solas knew of ████████████████████████████s because Solas's director, Mr.
Padian, conducted the negotiations with Defendants. Second, █████████████████████ are, by
their express terms, mandatory. ██████████████████████████████████████
█████████████████ Third, as explained above, Solas is bound to █████████████████ and this



suit relates to ████████████. Fourth, Solas cannot show that enforcement of ████████ ████████████ would be unreasonable or unjust, or that ████████ were invalid.

### C. Alternatively, Solas's Suit Should Be Transferred to the SDNY

If the Court declines to dismiss Solas's claims on the '042 and '615 patents, it should transfer this case to the SDNY pursuant to ████████████████████████.

#### 1. This Case Could Have Been Brought in the SDNY

This case could have been brought in the SDNY, therefore the threshold issue to justify transfer under § 1404(a) is met. *See Volkswagen II*, 545 F.3d at 312–13. A patent infringement case may be brought in "the judicial district where the defendant resides." 28 U.S.C. § 1400(b). The SDNY has jurisdiction over SEA because SEA is incorporated in New York. Ex. 4 at ¶ 8; *see TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017). The SDNY also has jurisdiction over SEC and SDC because they submitted to the jurisdiction of courts in New York over disputes relating to ████████████████████████████ ████████████████████████ and the patents Solas asserts in this case are ████████ ████████████.

#### 2. The ████████████████████████ Apply

████████████████████████████ apply because the nexus between this case and ████████████ is "non-frivolous." *EVS Codec Techns., LLC v. LG Elecs., Inc.*, No. 2:18-cv-00343-JRG, 2019 WL 2904747, at *2 (E.D. Tex. July 5, 2019). Solas's Amended Complaint raises a dispute under ████████████ because, as explained above, the '042 and '615 patents asserted by Solas are ████████████████████████ require ████████ to dismiss with prejudice any suit involving ████████████████████████████. ████████████████ This Court will unavoidably be required to apply or interpret ████████████ to resolve Defendants' defenses and arguments, thus, pursuant to ████████████

21

██████████████████████████████████████

██████████████████████████████ apply. *See Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:17-cv-00671-JRG, 2018 WL 8014281, at *3–4 (E.D. Tex. Sept. 5, 2018) (transferring case in view of █████████████████████, explaining that "[i]n order to try this case, the Court must unavoidably interpret" ████████████); *Zix*, 2016 WL 7042221 at *3.

### 3. The Public Interest Factors Collectively Favor Transfer

When █████████████████ is triggered, private interest factors are irrelevant and the Court "may consider arguments about public-interest factors only." *Atl. Marine*, 134 S. Ct. at 582. Those factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law." *Volkswagen I* at 203.

#### a) Familiarity with Governing Law Strongly Favors Transfer

Both this Court and the SDNY are familiar with patent law. ██████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████ The SDNY's familiarity with New York law governing the parties' ██████ dispute strongly favors transfer.

#### b) Remaining Factors Are Neutral

The court-congestion factor is essentially neutral. The median time from filing to disposition of civil cases is 6.4 months in the SDNY versus 9.2 months in this District, whereas the median time to trial is 33.4 months in the SDNY versus 19.1 months in this District. *See* Federal Judicial Caseload Statistics 2020 Tables, Median Time From Filing to Disposition of Civil Cases, by Action Take, Table C-5 (Mar. 31, 2020), available at: https://www.uscourts.gov/statistics-reports/federal-judicial-caseload-statistics-2020-tables (Exhibit 17, annotated).

Local interests are also neutral. SEA has a presence in and around the SDNY area as it is incorporated in New York and has a base of operations in the New York metropolitan area. SEA also has a base of operations in Richardson, Texas, which is within the EDTX. Neither SEC, SDC, nor Solas have any relevant connection to this District. SEC and SDC are based in Korea, and Solas is based in Ireland with no identified ties here.

Finally, the conflicts of law factor is neutral because at the time this case was filed, there were no co-pending cases involving the '042 and '615 patents, and Defendants did not raise any ██████ defense in the co-pending *Solas I* case involving the '338 patent.

**D.    Dismissal or Transfer Is Also Required Because Neodron Is An Indispensable Party and Cannot Be Joined**

This case should be dismissed under Rule 12(b)(7) because Neodron is an indispensable party under Rule 19 who cannot be joined due to lack of jurisdiction. Alternatively, the case should be transferred to the SDNY where actions are pending that include both Solas and Neodron.

Rule 19 provides a two-step analysis for deciding whether to dismiss an action for failure to join an absent party. *Pulitzer Polster v. Pulitzer*, 784 F.2d 1305, 1308–09 (5th Cir. 1986). First, Rule 19(a) requires that an absent party be joined if it claims an interest that may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest" or if, in that party's absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a). Second, Rule 19(b) provides the factors to consider in determining whether the case should be dismissed if the absent party cannot be joined.

**1.    Neodron Is An Indispensable Party**

Neodron is a necessary party to this Action for several reasons. First, in Neodron's absence, Defendants may effectively be forced ████████████ for the same alleged infringement, as ████████



yet Solas seeks damages for alleged infringement of those patents.

Second, this Court cannot accord complete relief among the existing parties in Neodron's absence. ███████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

Defendants promptly notified Neodron that this Action asserts ████████ in violation of ████████████████████ and that Neodron also breached █████████████████ ███████████████████ the '042 and '615 patents now being asserted by Solas. *See* Ex. 3. Defendants' claims ████████████ cannot be adjudicated without Neodron's joinder.

Third, Neodron has an independent interest in this Action: any dispute as to ██████████ ████████████████████████████████████████████ will affect Neodron, the ███████████████████. "Generally, when interpretation of a contract is necessary, the parties to the contract must be joined." *Optimum Content Prot., LLC v. Microsoft Corp.*, No. 6:13-cv-00741-KNM, 2014 WL 12452439, at *3 (E.D. Tex. Aug. 25, 2014).

### 2. Inability to Join Neodron Mandates Dismissal or Transfer

Defendants cannot bring Neodron into this litigation because the Court lacks personal jurisdiction over Neodron. Neodron is an Irish corporation, with its headquarters in Ireland. *See* Ex. 9 at 1; Ex. 11 at 1. To Defendants' knowledge, Neodron does not sell any products in this District (or anywhere else) and has no place of business in this District. Nor are Defendants aware of any contacts between Neodron and this District other than a few patent infringement suits that are unrelated to Defendants' ████████ dispute with Neodron and thus do not provide this Court jurisdiction over Neodron in this case.

Rule 19(b) sets forth four factors the Court must analyze to determine whether an action should be dismissed or transferred for failure to join an indispensable party: (1) the extent to which a judgment rendered in the party's absence might prejudice that party or the existing parties; (2) the extent to which the possible prejudice could be lessened or avoided by including protective provisions in the judgment, specifically shaping the relief, or utilizing other measures; (3) whether a judgment rendered in the party's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. *See* Fed. R. Civ. P. 19(b).

These factors dictate that this Action should be dismissed or transferred. First, Defendants will be prejudiced by Neodron's absence because Defendants might be required to pay damages to Solas after ███████████████████████. Second, this prejudice cannot be lessened or avoided with protective measures. Third, a judgment in Neodron's absence would be inadequate for Defendants because it might not take into account that █████████████████ ████████████████████ Fourth, Solas has an adequate remedy if dismissed for non-joinder: it can pursue its patent claim in the SDNY where actions are already pending that join Solas and Neodron, and where ███████████████████████ ████████████████████████

## V.     CONCLUSION

For the reasons stated above, Defendants respectfully request the Court to dismiss this case entirely or, in the alternative, transfer it to the SDNY where lawsuits that will resolve the issues pertaining to the '042 and '615 patents are now pending.

████████████████████████████

August 30, 2021

*/s/ Melissa R. Smith*

Melissa R. Smith
Texas State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Phone: (903) 934-8450
Fax: (903) 934-9257

Jeffrey H. Lerner (*pro hac vice* forthcoming)
jlerner@cov.com
Jared R. Frisch (*pro hac vice* forthcoming)
jfrisch@cov.com
Daniel W. Cho (*pro hac vice* forthcoming)
dwcho@cov.com
Tarek J. Austin (*pro hac vice* forthcoming)
taustin@cov.com
David J. Cho (*pro hac vice* forthcoming)
djcho@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Phone: (202) 662-6000
Fax: (202) 662-6291

Robert T. Haslam
rhaslam@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Phone: (650) 632-4700
Fax: (650) 632-4800

Scott Schrader (*pro hac vice* forthcoming)
sschrader@cov.com
COVINGTON & BURLING LLP
Foreign Legal Consultant Office
22nd floor, Meritz Tower
382, Gangnam-daero
Gangnam-gu, Seoul 06232
Phone: +82 02 6281 0000

**COUNSEL FOR DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this August 30, 2021.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

On August 30, 2021, pursuant to Local Rule CV-7(h), counsel for Defendants met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated that Plaintiff is opposed to the relief sought by this Motion.

*/s/ Melissa R. Smith*
Melissa R. Smith