IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SOLAS OLED LTD., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> SAMSUNG DISPLAY CO., LTD., § <br> SAMSUNG ELECTRONICS CO., LTD., § <br> AND SAMSUNG ELECTRONICS § <br> AMERICA, INC., § <br> § <br> Defendants. § | Case No. 2:21-CV-00104-JRG |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f)    any settlement agreements relevant to the subject matter of this action; and

    (g)    any statement of any party to the litigation.

**2.**   **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

    (b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

**3.**   **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

    (a)    provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

        i.    If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

    elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

  ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b) produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c) provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5.  **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

    a)  **Interrogatories.** Each side will be permitted to propound 25 interrogatories. For purposes of this Discovery Order, "side" means a party or a group of parties with a common interest.

    b)  **Requests for Admission.** Each side will be permitted to propound up to 25 requests for admission. Each side is permitted an unlimited number of requests for admission for authentication of documents. Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above. The parties shall work together in good faith in an effort to stipulate as to the authenticity of documents where possible.

    c)  **Depositions.** Unless otherwise agreed, the daily limit of seven (7) hours shall apply to all depositions. To the extent not limited herein, discovery limitations are controlled by the Federal Rules of Civil Procedure and the Local Rules. Any party may later move to modify these limitations for good cause.

    d)  **Expert Discovery.** The parties shall be limited to 4 expert witnesses per side. Each expert witness may be deposed for up to 7 hours, except for technical experts who offer opinions on more than one patent. A technical expert who offers opinions on two patents may be deposed for up to 9.5 hours, and a technical expert who offers opinions on three patents may be deposed for up to 12 hours. The parties will not seek and are not entitled to discovery of communications between counsel and expert witnesses or discovery of drafts of expert reports or notes of experts.

e) **Fact Depositions.** Each side shall take no more than a combined total of 32 hours of Rule 30(b)(6) and Rule 30(b)(1) depositions of party witnesses. Each side shall take no more than 35 hours of third-party depositions (subject to the exception below regarding depositions of inventors). Each Rule 30(b)(1) deposition shall count for no less than 4 hours towards the respective overall limit. Plaintiffs shall make a good faith effort to secure cooperation from the inventors and prior owners of the patents-in-suit to appear for deposition. The first three depositions of inventors shall count toward Defendants' 32-hour deposition time cap for party witnesses; subsequent depositions of inventors shall not count toward any deposition time cap. For any deposition interpreted during the deposition between English and another language, only 75% of the time spent in deposition shall be counted against the deposing party's respective time cap. Each Defendant shall be entitled to a proportionate share of the Defendants' common deposition time, unless otherwise agreed among the defendants. Depositions taken by one defendant can be relied upon and used by any defendant that did not take the deposition, subject to any confidentiality restrictions. The parties may agree to increase the limits set forth herein for good cause, and such agreement shall not be unreasonably withheld. If the parties cannot agree, the Court will consider reasonable requests for additional time.

f) **Coordination.** Each side should make a good faith effort to work together to avoid the need for duplicative depositions. The parties and counsel are directed to coordinate their discovery efforts to avoid duplication and otherwise promote efficiency. Counsel should confer in advance to schedule depositions at mutually

       convenient times and places. Unless otherwise agreed, depositions of plaintiff and defendants and their respective employees shall take place in the deponent's city of residence and at a mutually agreeable time for the parties. The parties should keep in mind the need to avoid subjecting any person to repeated depositions.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure

5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

    (b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

    (c)    Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

    (d)    Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

    (e)    Any change to a party's lead attorney designation must be accomplished by motion and order.

    (f)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.**  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**12.    Proposed Stipulations by the Parties Regarding Discovery.**

   a)   **Privilege Logs.** With respect to any protected documents or communications that (a) came into existence on or after the date of the filing of the complaint (March 22, 2021); or (b) constitute communications between the parties and their Litigation Counsel[2] or work product prepared for or by the parties' Litigation Counsel, the parties are not required to include any such information in privilege logs. Attachments claimed to be privileged shall be fully identified on a party's privilege log in an entry separate from the parent document.

   b)   **Service by Electronic Mail.** The Parties will make every effort to serve all documents electronically, by e-mail or through ECF. Parties may serve all documents by e-mail by sending the documents to the email address for all counsel of record in this case. Documents are timely served by e-mail where the e-mail is sent by 11:59 pm Central Time on the date due. Per Local Rule CV-5(d), documents e-mailed after 5:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating a response date to the document served.

   c)   **ESI Order.** The parties will file an Order regarding Electronic Discovery ("ESI Order") within 3 weeks of entry of this proposed Discovery Order. The parties agree that e-mails are not included in the scope of documents that will be produced in accordance with Paragraph 3 of this Order or under Patent Rule 3-4.

   d)   **Production Of Materials Obtained Via Third-Party Subpoena.** A party who serves a subpoena in this matter on a third party shall immediately provide a copy

---

[2] The term "Litigation Counsel" refers to any counsel representing any of the parties in conjunction with litigation involving the patent(s)-in-suit, or related patents.

to the other party. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within 7 days. Where reproduction of documents within 7 days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 27th day of October, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE