**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SOLAS OLED LTD. <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Defendants. | Civil Action No. 2:21-cv-00104-JRG |

**DEFENDANTS' MOTION TO CONTINUE *MARKMAN* PROCEEDINGS**
**PENDING *EX PARTE* REEXAMINATION**

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  BACKGROUND ................................................................................................ 3

III. LEGAL STANDARD......................................................................................... 6

IV.  ARGUMENT ...................................................................................................... 7

A.   Relevant Intrinsic Evidence Will Result from Solas Responding to the Office Action and the PTO Addressing that Response in the Next Office Action................................................................................................................ 7

B.   The Court Should Continue the *Markman* Proceedings Until the Intrinsic Record Has Been Developed. ................................................................................ 8

C.   Solas Will Not Suffer Any Undue Prejudice or Clear Tactical Disadvantage................................................................................................... 9

V.   CONCLUSION.................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Agis Software Dev. LLC v. Google LLC*,
No. 2:19-cv-00361-JRG, 2021 WL 465424 (E.D. Tex. Feb. 9, 2021) ..................................... 6, 7, 8, 9

*Am. Piledriving Equip., Inc. v. Geoquip, Inc.*,
637 F.3d 1324 (Fed. Cir. 2011) ....................................................................................................... 7

*Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co., Ltd.*,
No. 6:14-cv-759, 2015 WL 11143485 (E.D. Tex. Dec. 16, 2015) ................................................. 10

*CIVIX v. Nat'l Ass'n of Realtors*,
No. 05 C 6869, 2007 WL 7759150 (N.D. Ill. Sept. 17, 2007) ........................................................ 9

*In re Cygnus Telecommunications Tech., LLC, Pat. Litig.*,
385 F. Supp. 2d 1022 (N.D. Cal. 2005) .......................................................................................... 9

*HC Gun & Knife Shows, Inc. v. City of Houston*,
201 F.3d 544 (5th Cir. 2000) .......................................................................................................... 6

*In re Katz Interactive Call Processing Patent Litig.*,
639 F.3d 1303 (Fed. Cir. 2011) ...................................................................................................... 7

*Krippelz v. Ford Motor Co.*,
667 F.3d 1261 (Fed. Cir. 2012) ................................................................................................... 2, 7

*SSL Servs., LLC v. Cisco Sys., Inc.*,
No. 2:15-cv-433-JRG-RSP, 2016 WL 3523871 (E.D. Tex. June 28, 2016) ................................ 10

*TC Tech. LLC v. Spring Corp.*,
No. 2:17-cv-00527-JRG, 2018 WL 2183235 (E.D. Tex. May 11, 2018) ....................................... 6

*Veraseal LLC v. Wal-Mart Stores, Inc.*,
No. 16-153-WCB, 2021 WL 4521045 (D. Del. Oct. 31, 2021) ..................................................... 10

**Other Authorities**

Fed. R. Civ. P. 16(b)(4).................................................................................................................... 6

## I.      INTRODUCTION

Based on unique circumstances that have developed in this case, Defendants seek a continuance of the *Markman* proceedings, including the *Markman* hearing scheduled for March 16, 2022, to allow the Court to receive and consider forthcoming intrinsic evidence relevant to the parties' claim construction disputes. As Defendants have apprised the Court, the U.S. Patent and Trademark Office ("PTO") is undertaking *ex parte* reexamination of all asserted claims of both patents asserted in this litigation: U.S. Patent Nos. 7,499,042 (the "'042 patent") and 7,663,615 (the "'615 patent").[1] Dkt. 30 (Notice Regarding '042 Patent); Dkt. 37 (Notice Regarding '615 Patent). Recently, the PTO issued its first Office Action on the '042 patent. Dkt. 66-1 (Feb. 2, 2022 "Office Action"). Significantly, this Office Action not only rejected all claims at issue, it also made a number of findings specifically about claim interpretation. In particular, the PTO determined that four claim elements, including three found in asserted claim 1, invoke § 112 ¶ 6. *Id*. at 6–13.

The PTO has now instructed Plaintiff Solas OLED Ltd. ("Solas") to either (1) amend the claims "so that they will clearly not invoke § 112 ¶ 6" or (2) "expressly state on the record that [the elements] have a structural meaning known to a person of ordinary skill in this particular art *and* provide appropriate evidence in support thereof (*e.g.* a prior art U.S. patent)" for the PTO to consider. Dkt. 66-1 at 13. The PTO further instructed Solas that "in order to show that [the elements] do not" invoke § 112 ¶ 6, Solas "must also state on the record and provide evidence in support thereof that the claimed structure (of [the elements] whatever it is) can perform the *entire* Function of [the elements]." *Id*. Solas's response to the PTO is due by no later than two months

---

[1] Solas has represented that it will withdraw all of the claims in its Amended Complaint (Dkt. 9) directed to U.S. Patent No. 7,446,338 (the "'338 patent"). *See* Dkt. 32 (Sealed Resp. to Mot. to Dismiss) at 1, 11–12.

1

from the mailing of the Office Action on February 2, 2022. *See id*. at 1. Solas can respond sooner if it chooses. After a patent owner responds, the PTO typically makes its next office action in an EPR a final office action.

The EPR on the '042 patent has thus squarely raised in the PTO the interpretation of key claim limitations. Because all of the disputed terms that have been identified for construction in the '042 patent at the upcoming *Markman* hearing in this case are found within language that the PTO has concluded invokes § 112 ¶ 6, this development clearly impacts the hearing. *See Krippelz v. Ford Motor Co.*, 667 F.3d 1261, 1266 (Fed. Cir. 2012) (intrinsic evidence, which is the primary source to construe claim terms, includes the prosecution history from reexamination proceedings). Indeed, as this Court recently observed, it construes claim language based on how it believes a person of ordinary skill would understand the term in light of all intrinsic and extrinsic evidence available to the Court, even if that means adopting a construction not proposed by either party. *See* Ex. 2 (*Solas OLED, Ltd. v. Samsung Electronics Co., Ltd et al.*, No. 2:21-cv-105-JRG, *Markman* Tr.) at 12:23–13:3 ("But at the end of the day, it's my job to construe the language whether I get good suggestions from the parties or I don't get good suggestions from the parties. So the Court's not limited to what the Plaintiffs proposed here anymore than I am to what your briefing and arguments say."). How the PTO interprets claim language will be at least informative, including of the broadest reasonable interpretation that sets the outer bounds of potential claim scope.

Solas's deadline to respond to the Office Action falls after the completion of claim construction briefing and after the currently scheduled *Markman* hearing (although Solas may file a response as soon as it chooses). If Solas amends the claims, the Court could construe terms that are no longer in the claims or are present in a modified context. Even if no amendments are made, Solas's arguments to the PTO responding to these specific issues of claim construction, and, in

particular, the PTO's response to such arguments, will be relevant to claim construction. The inevitable changes to the intrinsic evidence in this EPR proceeding may otherwise necessitate revisiting claim construction, wasting considerable resources and unduly burdening the Court.

For these reasons, Defendants respectfully move to continue the *Markman* proceedings in this case, with claim construction briefing to be completed after the PTO issues a second office action, or at such other time as the Court deems appropriate, and the *Markman* hearing to be rescheduled for a later date at the Court's convenience.[2]

## II.   BACKGROUND

On March 22, 2021, Solas filed a complaint against SDC, alleging infringement of the '042 patent, the '615 patent, U.S. Patent Nos. 7,446,338 (the "'338 patent") and 6,072,450 (the "'450 patent"). Dkt. 1. On April 6, 2021, Solas filed an amended complaint withdrawing its claim of infringement of the '450 patent and naming SEC and SEA as additional defendants. Dkt. 9.

On September 20, 2021, Solas served infringement contentions, asserting infringement of claims 1, 3, and 4 of the '042 patent, claims 11 and 13 of the '615 patent, and claims 1, 5, 6, 9, and 10 of the '338 patent. *See* Dkt. 45-3 at 1–2. Several days later, on September 24, 2021, Solas represented that it will be dismissing its claims on the '338 patent. *See* Dkt. 32 (Sealed Resp. to Mot. to Dismiss) at 1, 11–12. Thus, Solas's contentions in the case concern claims 1, 3, and 4 of the '042 patent and claims 11 and 13 of the '615 patent.

On August 23, 2021, promptly after Solas filed the complaint, SDC filed a request for *ex parte* reexamination of claims 1–6 and 10–11 of the '042 patent. Two days later, on August 25, 2021, SDC filed a request for *ex parte* reexamination of claims 11–13 of the '615 patent. The PTO

---

[2] Defendants note that they have a pending motion to stay (Dkt. 45) based on the EPRs, and further that an office action on the '615 patent EPR is expected any day now. If Defendants' motion to stay is granted, then this motion would be moot and Defendants would withdraw it.

3

instituted reexamination of all requested claims for the '042 patent on September 8, 2021. *See* Dkt. 30-1 at 1–2, 9. The PTO instituted reexamination of all requested claims for the '615 patent on October 7. *See* Dkt. 37-1 at 19.

Thus, the PTO is undertaking reexamination of all claims at issue in this case, based on its finding that SDC's requests raised substantial new questions of patentability as to each claim. *See* Dkt. 30-1 at 1, 9, 12–13; Dkt. 37-1 at 1, 10, 14, 19.

On December 22, the parties filed a Joint Claim Construction and Prehearing Statement (Dkt. 60). The parties identified five disputed terms for the '042 patent and proposed constructions for those terms, as indicated in the following table. Dkt. 60 at 2.

| U.S. Patent No. 7,499,042 | | |
|---|---|---|
| **Term / Phrase** | **Plaintiff's Proposed Construction** | **Defendants' Proposed Construction** |
| "the selection period" (claim 1) | "time period during which a plurality of pixel circuits is selected" | "the time interval during which the ON voltage is applied to one selection scan line" |
| "sequentially selects said plurality of selection scan lines in each selection period" (claim 1) | Plain and ordinary meaning | "applies an ON voltage to the selection scan lines one after the other, such that one selection scan line is selected in each selection period" |
| "pixel circuit" (claim 1) | Plain and ordinary meaning, i.e., the circuit that includes switching and/or storage elements used to drive a light emission element of a pixel | "the circuit that includes the switching and storage elements used to drive a light emission element of a pixel" |
| "current lines" (claim 1) | Plain and ordinary meaning, i.e., lines through which a current flows | "conductive lines each of which connects a data driving circuit to a plurality of pixel circuits and carries both a designating current and a reset voltage" |
| "designating current" (claim 1) | Plain and ordinary meaning, i.e., current designating a value corresponding to an image signal | "current set to a constant value to control the luminance of the OLED" |

4

On February 2, 2022, the PTO issued an Office Action rejecting claims 1–6 and 10–11 of the '042 patent. Dkt. 66-1. The Office Action includes a section regarding claim interpretation. *See* Dkt. 66-1 at 4. The Office Action explains that the PTO determined four claim elements invoke § 112 ¶ 6, as set forth in the table below. Dkt. 66-1 at 6–12. The Office Action instructed Solas that to avoid invoking § 112 ¶ 6, Solas "may amend claims 1, 2 and 10 so that they will clearly not invoke § 112 ¶ 6." Dkt. 66-1 at 13. Alternatively, the Office Action instructed that if Solas "believes [the phrases] have structural meaning known to a person of ordinary skill in this particular art, [Solas] should in their next appropriately filed response, expressly state on the record that [the phrases] have a structural meaning known to a person of ordinary skill in this particular art ***and*** provide appropriate evidence in support thereof (*e.g.* a prior art U.S. patent)." *Id*. In addition, the PTO instructed that Solas "must also state on the record and provide evidence in support thereof that the claimed structure (of [the phrases] whatever it is) can perform the *entire* Function of [the phrases]." *Id*. Solas's response is due within two months from the February 2, 2022 mailing date of the Office Action. Dkt. 66-1 at 1.

| Claim(s) | Phrase[3] |
|---|---|
| 1, 10 | a plurality of <u>pixel circuits</u> which are connected to said plurality of selection scan lines and said plurality of <u>current lines</u>, and supply a driving current having a current value corresponding to the current value of the <u>designating current</u> which flows through said plurality of <u>current lines</u>;<br><br>wherein in <u>the selection period</u>, each of said plurality of <u>pixel circuits</u> loads the <u>designating current</u> which flows through said plurality of <u>current lines</u>, and stores a level of a voltage converted in accordance with the current value of the <u>designating current</u>, and after <u>the selection period</u>, each of said plurality of <u>pixel circuits</u> shuts off the <u>designating current</u> which flows through said plurality of <u>current lines</u>, and supplies a driving current corresponding to the level of the voltage converted in accordance with the <u>designating current</u>. |
| 1, 10 | a data driving circuit which applies a reset voltage to said plurality of <u>current lines</u> in a first part of <u>the selection period</u>, and supplies a <u>designating current</u> having a current value corresponding to an image signal to said plurality of <u>current lines</u> in |

---

[3] Underlined terms have been identified as disputed terms in this case. Dkt. 60 at 2.

| | | a second part of <u>the selection period</u> after applying the reset voltage in <u>the selection period;</u> |
|---|---|---|
| | 2 | a current source driver which supplies the <u>designating current</u> having the current value corresponding to the image signal after the reset voltage is applied by the switch within <u>the selection period.</u> |
| | 1 | a selection scan driver which <u>sequentially selects said plurality of selection scan lines in each selection period;</u> |

Solas filed its Opening Claim Construction Brief (Dkt. 63) on the evening of February 2, 2022. Despite arguing that its proposed constructions are "faithful to the *full* intrinsic record," Solas's brief did not mention the Office Action that issued earlier that day or address the PTO's interpretations of the claim language of the '042 patent. Dkt. 63 at 1 (emphasis added). The Court thus lacks briefing on the full intrinsic record that now exists, and which will not be complete until at least after Solas files its response with the PTO and the PTO correspondingly addresses that response in a next (and presumably final) office action.

Defendants' responsive claim construction brief is due on February 16, 2022. Dkt. 50. Solas's reply is due on February 23, 2022. *Id*. The *Markman* hearing is set for March 16, 2022. Jury selection is scheduled for August 8, 2022. Dkt. 50 at 1, 4.

## III.   LEGAL STANDARD

The Court possesses the inherent power to control its own docket. *Agis Software Dev. LLC v. Google LLC*, No. 2:19-cv-00361-JRG, 2021 WL 465424, at *1 (E.D. Tex. Feb. 9, 2021); *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549–50 (5th Cir. 2000). "How to best manage the Court's docket 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Veraseal LLC v. Wal-Mart Stores, Inc.*, No. 2:17-cv-00527-JRG, 2018 WL 2183235, at *1 (E.D. Tex. May 11, 2018). Modifying case deadlines that are marked with an (*) in the DCO requires showing good cause. Dkt. 50 at 7; Fed. R. Civ. P. 16(b)(4).

## IV.    ARGUMENT

In view of the unique circumstances presented by the recent Office Action in the EPR on the '042 patent, good cause exists to continue the *Markman* process at least until the PTO issues a second office action in response to Solas's submission on the claim construction questions raised by the PTO, or until such other time as the Court deems appropriate.

### A.    Relevant Intrinsic Evidence Will Result from Solas Responding to the Office Action and the PTO Addressing that Response in the Next Office Action.

This is a highly unusual case in that the PTO explicitly raised, and preliminarily answered, in the Office Action the question of how to interpret elements of the claims of the '042 patent containing every term the Court is being asked to construe. Thus, relevant intrinsic evidence bearing directly on claim construction disputes that this Court is expected to address at the upcoming *Markman* hearing has been created but will not be fully developed until at least the PTO's next office action evaluating Solas's forthcoming response. *See Krippelz*, 667 F.3d at 1266; *see also Am. Piledriving Equip., Inc. v. Geoquip, Inc.*, 637 F.3d 1324, 1336 (Fed. Cir. 2011); *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1324–25 (Fed. Cir. 2011) (finding no error in district court's claim construction based on an argument made during reexamination to avoid prior art). Under these circumstances, Solas's response and the PTO's next office action are more likely to result in additional relevant intrinsic evidence or changes to the claims than typical reexaminations, which in and of themselves often lead to notable changes in claim scope. *See AGIS Software*, 2021 WL 465424, at *3 (noting claims rejected in a reexamination procedure have a high likelihood of being modified in some material way in response to their rejection).

In the Office Action, the PTO addressed claim construction issues directly and concluded that four claim elements of the challenged claims invoke § 112 ¶ 6. The PTO directed Solas, to the extent it disagrees with these conclusions, to (1) amend the claims to make clear that they do not

invoke § 112 ¶ 6 or (2) "expressly state on the record that [the phrases] have a structural meaning known to a person of ordinary skill in this particular art ___**and**___ provide appropriate evidence in support thereof (*e.g.* a prior art U.S. patent)." Dkt. 66-1 at 13. In addition, Solas "must also state on the record and provide evidence in support thereof that the claimed structure (of [the phrases] whatever it is) can perform the *entire* Function of [the phrases]." *Id.* Thus, Solas must either accept the PTO's treatment under § 112 ¶ 6, modify the claims, or provide express statements and evidence regarding the meaning and scope of the four phrases identified by the PTO for the PTO's further consideration.

Regardless of which of these options Solas chooses, the claim terms that are being construed in this case will be affected. As explained above, the parties have identified five disputed terms in claim 1 of the '042 patent for construction, each of which is found within phrases interpreted by the PTO. Whether Solas amends the claim language or advances arguments that it does not invoke § 112 ¶ 6, those developments and, importantly, the PTO's response to them will impact the disputed terms in this case. At a minimum, the EPR will create relevant intrinsic evidence, and possibly modified or narrowed claims. Amendments to the claims and arguments by Solas may also raise new terms that themselves require construction.

### B.  The Court Should Continue the *Markman* Proceedings Until the Intrinsic Record Has Been Developed.

The Court has inherent power to control its own docket, including by continuing the *Markman* proceedings. *Agis Software*, 2021 WL 465424, at *1. Good cause exists in these unusual circumstances to do so. The PTO, in an *ex parte* reexamination process, has squarely raised the interpretation of elements of the asserted claims and demanded that Solas respond specifically on these issues. Whether Solas amends the claims or makes new arguments, the intrinsic record will be changed by Solas's arguments and the PTO's response. In either case, continuing the *Markman*

process will promote judicial economy because the Court will have the benefit of a more developed intrinsic record and the likelihood would be lessened that claim construction would need to be reconsidered later in the case in view of new intrinsic evidence. *See, e.g.*, *CIVIX v. Nat'l Ass'n of Realtors*, No. 05 C 6869, 2007 WL 7759150, at *3 (N.D. Ill. Sept. 17, 2007) (observing that "the PTO's reexamination will simplify the Court's claim construction because statements made during the reexamination proceedings become part of the prosecution history."); *In re Cygnus Telecommunications Tech., LLC, Pat. Litig.*, 385 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) (concluding that "[f]or those claims that survive the reexamination, this court may have a richer prosecution history upon which to base necessary claim construction determinations or reconsideration.").

A continuance will avoid the risk of wasted resources from construing terms that may be modified or removed, and from the possible need to revisit constructions to account for the additional intrinsic record that is created later. *See, e.g.*, *AGIS Software*, 2021 WL 465424, at *3 (granting a stay for an *ex parte* reexamination because "[i]t is unlikely that [the claims] will stay as they were when suit was originally filed, and if—in this specific situation—the case were to proceed to trial on the current claims, as is, there is a serious risk of wasted resources as between both the parties and the Court."). Solas may also introduce new terms in its response, and a continuance would allow any such new terms to be addressed in an orderly claim construction proceeding.

### C.    Solas Will Not Suffer Any Undue Prejudice or Clear Tactical Disadvantage.

Solas will not suffer any undue prejudice or tactical disadvantage from a continuance of the *Markman* process. As a practical matter, the length of the continuance is to a large extent dictated by Solas's timeliness. Solas has been instructed to respond to the Office Action within two months, Dkt. 66-1 at 1, and may respond before that date if it chooses. Solas's filing will

trigger the PTO's response, which should also be expeditious, as reexamination proceedings are conducted with "special dispatch" and "cases involved in litigation . . . have priority over all other cases." Ex. 1 (MPEP Ch. 2200) § 2261. Further, the PTO's next response would be expected to be final. The PTO's Manual of Patent Examining Procedure ("MPEP") explains that "[i]t is intended that the second Office action in the reexamination proceeding following the decision ordering reexamination will generally be made final," Ex. 1 § 2271, and "prosecution before the examiner in a reexamination will be concluded with the final action," Ex. 1 § 2272.

In addition, Solas does not compete with Defendants or sell products that practice the Asserted Patents. *See TC Tech. LLC v. Spring Corp.*, No. 16-153-WCB, 2021 WL 4521045, at \*9 (D. Del. Oct. 31, 2021) (emphasizing that non-practicing entities "do[] not participate in the relevant market and will not suffer any loss of market share or erosion of goodwill due to a stay") (internal quotation marks and citations omitted). Monetary relief will be sufficient to compensate Solas in the event that it is found to have suffered any damages. Where, as is the case here, the patentee has not sought any preliminary injunction, "mere delay in collecting . . . damages does not constitute undue prejudice." *Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co., Ltd.*, No. 6:14-cv-759, 2015 WL 11143485, at \*2 (E.D. Tex. Dec. 16, 2015) (internal quotation marks and citations omitted); *see SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-cv-433-JRG-RSP, 2016 WL 3523871, at \*2 (E.D. Tex. June 28, 2016).

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant a continuance of the *Markman* briefing and *Markman* hearing until the PTO has issued a second office action, or until such other time as the Court deems appropriate to determine whether proceedings should proceed or be deferred in view of the state of *ex parte* reexamination.

February 15, 2022                         Respectfully submitted,

                                          */s/ Melissa R. Smith*

                                          Melissa R. Smith
                                          Texas State Bar No. 24001351
                                          melissa@gillamsmithlaw.com
                                          GILLAM & SMITH, LLP
                                          303 South Washington Avenue
                                          Marshall, Texas 75670
                                          Phone: (903) 934-8450
                                          Fax: (903) 934-9257

                                          Jeffrey H. Lerner
                                          jlerner@cov.com
                                          Jared R. Frisch
                                          jfrisch@cov.com
                                          Daniel W. Cho
                                          dwcho@cov.com
                                          Tarek J. Austin
                                          taustin@cov.com
                                          David J. Cho
                                          djcho@cov.com
                                          COVINGTON & BURLING LLP
                                          One CityCenter
                                          850 Tenth Street, NW
                                          Washington, DC 20001-4956
                                          Phone: (202) 662-6000
                                          Fax: (202) 662-6291

                                          Robert T. Haslam
                                          rhaslam@cov.com
                                          COVINGTON & BURLING LLP
                                          3000 El Camino Real
                                          5 Palo Alto Square, 10th Floor
                                          Palo Alto, CA 94306-2112
                                          Phone: (650) 632-4700
                                          Fax: (650) 632-4800

11

Scott Schrader
sschrader@cov.com
COVINGTON & BURLING LLP
Foreign Legal Consultant Office
22nd floor, Meritz Tower
382, Gangnam-daero
Gangnam-gu, Seoul 06232
Phone: +82 02 6281 0000

**COUNSEL FOR DEFENDANTS SAMSUNG DISPLAY CO., LTD., SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this February 15, 2022.

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

On February 14, 2022, pursuant to Local Rule CV-7(h), counsel for Defendants met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated that Plaintiff is opposed to the relief sought by this Motion.

*/s/ Melissa R. Smith*
Melissa R. Smith

13