# EXHIBIT 1

# Chapter 2200   Citation of Prior Art and Ex Parte Reexamination of Patents

| | | | |
|---|---|---|---|
| 2201 | Introduction | 2227 | Incomplete Request for Ex Parte Reexamination Filed under 35 U.S.C. 302 |
| 2202 | Citation of Prior Art and Written Statements | 2228 | [Reserved] |
| 2203 | Persons Who May Cite Prior Art or Written Statements | 2229 | Notice of Request under 35 U.S.C. 302 for Ex Parte Reexamination in Official Gazette |
| 2204 | Time for Filing Prior Art or Section 301 Written Statements | 2230 | Constructive Notice to Patent Owner |
| 2205 | Content of Prior Art or Section 301 Written Statements | 2231 | Processing of Request Corrections |
| 2206 | Submission and Handling of Prior Art or Section 301 Written Statements | 2232 | Public Access to Reexaminations Filed under 35 U.S.C. 302 |
| 2207 | Entry of Court Decision in Patent File | 2232.01 | Determining if a Reexamination Request Was Filed under 35 U.S.C. 302 for a Patent |
| 2208 | Service of Prior Art or Section 301 Written Statements on Patent Owner | | |
| 2209 | Ex Parte Reexamination | 2233 | Processing in Central Reexamination Unit and Technology Center |
| 2210 | Request for Ex Parte Reexamination under 35 U.S.C. 302 | 2234 | Entry of Amendments |
| 2211 | Time for Requesting Ex Parte Reexamination under 35 U.S.C. 302 | 2235 | Record Systems |
| | | 2236 | Assignment of Reexamination |
| 2212 | Persons Who May File a Request for Ex Parte Reexamination under 35 U.S.C. 302 | 2237 | Transfer Procedure |
| | | 2238 | Time Reporting |
| | | 2239 | Reexamination Ordered at the Director's Initiative |
| 2212.01 | Inquiries from Persons Other Than the Patent Owner | 2240 | Decision on Request Filed under 35 U.S.C. 302 |
| 2213 | Representative of Requester | | |
| 2214 | Content of Request for Ex Parte Reexamination Filed under 35 U.S.C. 302 | 2241 | Time for Deciding Request Filed under 35 U.S.C. 302 |
| | | 2242 | Criteria for Deciding Request Filed under 35 U.S.C. 302 |
| 2215 | Fee for Requesting Ex Parte Reexamination under 35 U.S.C. 302 | 2243 | Claims Considered in Deciding Request Filed under 35 U.S.C. 302 |
| 2216 | Substantial New Question of Patentability | 2244 | Prior Art on Which the Determination Is Based in Requests Filed under 35 U.S.C. 302 |
| 2217 | Statement Applying Prior Art in a Request Filed under 35 U.S.C. 302 | | |
| 2218 | Copies of Prior Art | 2245 | Processing of Decision |
| 2219 | Copy of Printed Patent | 2246 | Decision Ordering Reexamination under 35 U.S.C. 304 |
| 2220 | Certificate of Service | | |
| 2221 | Amendments Included in Request Filed under 35 U.S.C. 302 by Patent Owner | 2247 | Decision under 35 U.S.C. 303 on Request for Reexamination filed Under 35 U.S.C. 302, Request Denied |
| 2222 | Address of Patent Owner | | |
| 2223 | Withdrawal of Attorney or Agent | 2247.01 | Examples of Decisions on Request for Reexamination |
| 2224 | Correspondence | | |
| 2225 | Untimely Paper Filed Prior to Order under 35 U.S.C. 304 | 2248 | Petition From Denial of Request Filed Under 35 U.S.C. 302 |
| 2226 | Initial Processing of Request for Ex Parte Reexamination Filed under 35 U.S.C. 302 | 2249 | Patent Owner's Statement in Reexaminations Filed Under 35 U.S.C. 302 |
| | | 2250 | Amendment by Patent Owner |
| | | 2250.01 | Correction of Patent Drawings |

| | | | |
|---|---|---|---|
| 2250.02 | Correction of Inventorship | 2280 | **Information Material to Patentability in Reexamination Proceeding Filed under 35 U.S.C. 302** |
| 2250.03 | Fees for Adding Claims and for Filing a Petition | | |
| 2251 | **Reply by Third Party Requester** | 2281 | **Interviews in Ex Parte Reexamination Proceedings** |
| 2252 | **Consideration of Statement and Reply** | | |
| 2253 | **Consideration by Examiner** | 2282 | **Notification of Existence of Prior or Concurrent Proceedings and Decisions Thereon** |
| 2254 | **Conduct of Ex Parte Reexamination Proceedings** | | |
| 2255 | **Who Reexamines** | 2283 | **Multiple Copending Ex Parte Reexamination Proceedings** |
| 2256 | **Prior Art Patents and Printed Publications Reviewed by Examiner in Reexamination** | | |
| | | 2284 | **Copending Ex Parte Reexamination and Interference Proceedings** |
| 2257 | **Listing of Prior Art** | 2285 | **Copending Ex Parte Reexamination and Reissue Proceedings** |
| 2258 | **Scope of Ex Parte Reexamination** | | |
| 2258.01 | Use of Previously Cited/Considered Art in Rejections | 2286 | **Ex Parte Reexamination and Litigation Proceedings** |
| 2258.02 | Claiming Foreign Priority and Domestic Benefit in Reexamination | 2286.01 | Reexamination and Inter Partes Review Proceedings, Post-Grant Review, and Covered Business Method Patent Review |
| 2259 | **Res Judicata and Collateral Estoppel in Reexamination Proceedings** | | |
| 2260 | **Office Actions** | 2287 | **Conclusion of Ex Parte Reexamination Proceeding** |
| 2260.01 | Dependent Claims | | |
| 2261 | **Special Status for Action** | 2287.01 | Examiner Consideration of Submissions After a NIRC |
| 2262 | **Form and Content of Office Action** | | |
| 2263 | **Time for Response** | 2288 | **Issuance of Ex Parte Reexamination Certificate** |
| 2264 | **Mailing of Office Action** | | |
| 2265 | **Extension of Time** | 2289 | **Reexamination Review** |
| 2266 | **Responses** | 2290 | **Format of Ex Parte Reexamination Certificate** |
| 2266.01 | Submission Not Fully Responsive to Non-Final Office Action | | |
| 2266.02 | Examiner Issues Notice of Defective Paper in Ex Parte Reexamination | 2291 | **Notice of Ex Parte Reexamination Certificate Issuance in Official Gazette** |
| 2266.03 | Service of Papers | 2292 | **Distribution of Certificate** |
| 2267 | **Handling of Inappropriate or Untimely Filed Papers** | 2293 | **Intervening Rights** |
| | | 2294 | **Concluded Reexamination Proceedings** |
| 2268 | **Petition for Entry of Late Papers for Revival of Reexamination Proceeding** | 2295 | **Reexamination of a Reexamination** |
| | | 2296 | **USPTO Forms To Be Used In Ex Parte Reexamination** |
| 2269 | **Reconsideration** | | |
| 2270 | **Clerical Handling** | | |
| 2271 | **Final Action** | | |
| 2271.01 | Panel Review | | |
| 2272 | **After Final Practice** | | |
| 2273 | **Appeal in Ex Parte Reexamination** | | |
| 2274 | **Appeal Brief** | | |
| 2275 | **Examiner's Answer** | | |
| 2276 | **Oral Hearing** | | |
| 2277 | **Board Decision** | | |
| 2278 | **Action Following Decision** | | |
| 2279 | **Appeal to Courts** | | |

### 2201   Introduction [R-07.2015]

Statutory basis for citation of prior art patents or printed publications in patent files and *ex parte* reexamination of patents became available on July 1, 1981, as a result of new sections 301-307 of title 35, United States Code, which were added by Public Law 96-517, enacted on December 12, 1980. The rules of practice in patent cases relating to reexamination were initially promulgated on April 30, 1981, at 46 FR 24179-24180 and on May 29, 1981, at 46 FR 29176-29187.

In *In re Trans Texas Holdings Corp.,* 498 F.3d 1290, 83 USPQ2d 1835 (Fed. Cir. 2007), the court held that issue preclusion (collateral estoppel) could not be applied **against the Office** based on a district court holding in an infringement proceeding, because the Office was not a party to the earlier infringement proceeding and did not have "a full and fair opportunity" to litigate the issue; See also *In re Construction Equipment Company,* 665 F.3d 1254, 100 USPQ2d 1922 (Fed. Cir. 2011), in which the majority did not adopt the dissent view that reexamination of claims finally held as "not invalid" by a federal court was barred by claim preclusion (*res judicata*) or issue preclusion (collateral estoppel).

## 2260  Office Actions [R-07.2015]

As is true in the examination of applications, 37 CFR 1.104 (Nature of examination) applies to the examination of reexamination proceedings. It is intended that the examiner's first *ex parte* action on the merits be the primary action to establish the issues which exist between the examiner and the patent owner insofar as the patent is concerned. At the time the first action is issued in reexaminations ordered under 35 U.S.C. 304, the patent owner has already been permitted to file a statement and an amendment pursuant to 37 CFR 1.530; and the reexamination requester, if the requester is not the patent owner, has been permitted to reply thereto pursuant to 37 CFR 1.535. In any case, thus, at this point, the issues should be sufficiently focused to enable the examiner to make a definitive first *ex parte* action on the merits which should clearly establish the issues which exist between the examiner and the patent owner insofar as the patent is concerned. In view of the fact that the examiner's first action will clearly establish the issues, the first action should include a statement cautioning the patent owner that a complete response should be made to the action since the next action is expected to be a final action. The first action should further caution the patent owner that the requirements of 37 CFR 1.116(b) will be strictly enforced after final action and that any amendment after a final action must include "a showing of good and sufficient reasons why the amendment is necessary and was not earlier presented" in order to be considered. The language of form paragraph 22.04 is appropriate for inclusion in the first Office action:

¶ **22.04 Papers To Be Submitted in Response to Action - Ex Parte Reexamination**

In order to ensure full consideration of any amendments, affidavits or declarations, or other documents as evidence of patentability, such documents must be submitted in response to this Office action. Submissions after the next Office action, which is intended to be a final action, will be governed by the requirements of 37 CFR 1.116 after final rejection and 37 CFR 41.33 after appeal, which will be strictly enforced.

## 2260.01  Dependent Claims [R-07.2015]

If an unamended base patent claim (i.e., a claim appearing in the reexamination as it appears in the patent) has been rejected, canceled, or is no longer subject to reexamination due to adjudication in court, any claim undergoing reexamination which is directly or indirectly dependent thereon should be confirmed or allowed if the dependent claim is otherwise allowable. The dependent claim should  *not* be objected to or rejected merely because it depends on a rejected or canceled patent claim or a claim no longer subject to reexamination. No requirement should be made for rewriting the dependent claim in independent form. As the original patent claim numbers are not changed in a reexamination proceeding, the content of the canceled base claim would remain in the printed patent and would be available to be read as a part of the confirmed or allowed dependent claim.

If a new base claim (a base claim other than a base claim appearing in the patent) has been canceled in a reexamination proceeding, a claim which depends thereon should be rejected as indefinite. If a new base claim or an amended patent claim is rejected, a claim dependent thereon should be objected to if it is otherwise patentable and a requirement made for rewriting the dependent claim in independent form.

## 2261  Special Status for Action [R-07.2015]

**35 U.S.C. 305  Conduct of reexamination proceedings.**

*\*\*\*\*\**

All reexamination proceedings under this section, including any appeal to the Patent Trial and Appeal Board, will be conducted with special dispatch within the Office.

In view of the requirement for "special dispatch," reexamination proceedings will be "special" throughout their pendency in the Office.

Any cases involved in litigation, whether they are reexamination proceedings or reissue applications, will have priority over all other cases. Reexamination proceedings not involved in litigation will have priority over all other cases except reexaminations or reissues involved in litigation.

## 2262 Form and Content of Office Action [R-08.2017]

The examiner's first Office action will be a statement of the examiner's position and should be so complete that the second Office action can properly be made a final action. See MPEP § 2271.

The first Office action must be sufficiently detailed that the pertinency and manner of applying the cited prior art to the claims in each rejection is clearly set forth therein. Where the request for reexamination includes material such as a claim chart to explain a proposed rejection in order to establish the existence of a substantial new question of patentability, the examiner may bodily incorporate the claim chart (or other material) within the Office action. The examiner must, however, carefully review the claim chart (or other material) to ensure that any items incorporated in a statement of the rejection clearly and completely address the patentability of the claims. For actions subsequent to the first Office action, the examiner must be careful to additionally address all patent owner responses to previous actions. If the examiner concludes in any Office action that one or more of the claims are patentable over the cited patents or printed publications, the examiner should indicate why the claim(s) is/are clearly patentable in a manner similar to that used to indicate reasons for allowance (MPEP § 1302.14). If the record is clear why the claim(s) is/are clearly patentable, the examiner may refer to the particular portions of the record which clearly establish the patentability of the claim(s). The first action should also respond to the substance of each argument raised by the patent owner and requester pursuant to 37 CFR 1.510, 1.530, and 1.535. If arguments are presented which are inappropriate in reexamination, they should be treated in accordance with 37 CFR 1.552(c).

If any statement of the patent owner submitted pursuant to 37 CFR 1.501(a)(2) is relied upon in the detailed explanation, requester must have explained how that statement is being used to determine the proper meaning of a patent claim in connection with prior art applied to that claim. That explanation will be considered by the Office, when drafting the Office action, in determining the scope of the claims of the patent which are subject to reexamination.

It is especially important that the examiner's action in reexamination be thorough and complete in view of the finality of a reexamination proceeding and the patent owner's inability to file a continuation proceeding.

Normally, the title will not need to be changed during reexamination. If a change of the title is necessary, patent owner should be notified of the need to provide an amendment changing the title as early as possible in the prosecution as a part of an Office Action. If all of the claims are found to be patentable and a Notice of Intent to Issue *Ex Parte* Reexamination Certificate has been or is to be mailed, a change to the title of the invention by the examiner may only be done by a formal Examiner's Amendment. Changing the title and merely initialing the change is NOT permitted in reexamination.

Current procedure permits the examiner, in the exercise of professional judgment, to indicate that a discussion with the patent owner's representative may result in agreement whereby the reexamination proceeding may be placed in condition for issuing a Notice of Intent to Issue a Reexamination Certificate (NIRC) and that the examiner will contact the patent owner's representative within about two weeks. Under this practice the patent owner's representative can be adequately prepared to conduct such a discussion. Any resulting amendment may be made either by the patent owner's attorney or agent, or by the examiner in an examiner's amendment. It should be recognized that when extensive amendments are necessary, it would be preferable if the amendments were filed by the patent owner's attorney or agent of record since this will provide the file wrapper with a better record because

reexamination proceedings, 37 CFR 1.137(b) provides that a grantable petition pursuant to 37 CFR 1.137 must be accompanied by: (1) The reply required to the outstanding Office action or notice, unless previously filed; (2) the petition fee as set forth in 37 CFR 1.17(m); and (3) a statement that the entire delay in filing the required reply from the due date for the reply until the filing of a grantable petition pursuant to this section was unintentional. 37 CFR 1.137 continues to provide that the Director may require additional information where there is a question whether the delay was unintentional.

**III.  RENEWED PETITION**

Reconsideration may be requested of a decision dismissing or denying a petition under 37 CFR 1.137 to revive a terminated reexamination prosecution. The request for reconsideration must be submitted within two months from the mail date of the decision for which reconsideration is requested. An extension of time may be requested only under 37 CFR 1.550(c); extensions of time under 37 CFR 1.136 are not available in reexamination proceedings. The extension of time provisions of 37 CFR 1.550(c) also apply to any request for an extension filed in a reexamination proceeding ordered under 35 U.S.C. 257 as a result of a supplemental examination proceeding. Any reconsideration request which is submitted should include a cover letter entitled "Renewed Petition under 37 CFR 1.137".

**IV.  FURTHER DISCUSSION OF THE PETITION REQUIREMENTS**

See also MPEP § 711.03(c) for a detailed discussion of the requirements of petitions filed under 37 CFR 1.137.

## 2269  Reconsideration [R-08.2012]

In order to be entitled to reconsideration, the patent owner must respond to the Office action. 37 CFR 1.111(b). The patent owner may respond to such Office action with or without amendment and the patent under reexamination will be reconsidered, and so on repeatedly unless the examiner has indicated that the action is final. See 37 CFR 1.112. Any amendment after the second Office action, which will normally be final as provided for in MPEP § 2271, must ordinarily be restricted to the rejection or to the objection or requirement made.

## 2270  Clerical Handling [R-07.2015]

The legal instrument examiners and paralegals will handle most of the initial clerical processing of the reexamination file. The Central Reexamination Unit (CRU) Supervisory Patent Reexamination Specialist (SPRS) or Technology Center (TC) Quality Assurance Specialist (QAS) provides oversight as to clerical processing.

Amendments submitted with a request filed under 35 U.S.C. 302, or after reexamination is ordered under 35 U.S.C. 304 or under 35 U.S.C. 257, and which comply with 37 CFR 1.530(d)-(j), will generally be entered for purposes of reexamination in the reexamination file if submitted prior to a final action. See MPEP § 2234 and § 2250 for the manner of entering amendments.

For entry of amendments in a merged reissue-reexamination proceeding, see MPEP § 2283 and § 2285.

Where an amendment is submitted in proper form prior to a final action and it is otherwise appropriate to enter the amendment, the amendment will be entered for purposes of the reexamination proceeding, even though the amendment does not have legal effect until the certificate is issued. Any "new matter" amendment to the disclosure (35 U.S.C. 132) will be required to be canceled, and claims containing new matter will be rejected under 35 U.S.C. 112. A "new matter" amendment to the drawing is ordinarily not entered. See MPEP §§ 608.04, 608.04(a), and 608.04(c). Where an amendment enlarges the scope of the claims of the patent, the amendment will be entered; however the appropriate claims will be rejected under 35 U.S.C. 305.

## 2271  Final Action [R-07.2015]

Before a final action is in order, a clear issue should be developed between the examiner and the patent owner. To bring the prosecution to a speedy conclusion and at the same time deal justly with the

patent owner and the public, the examiner will twice provide the patent owner with such information and references as may be useful in defining the position of the Office as to unpatentability before the action is made final. Initially, the decision ordering reexamination of the patent will contain an identification of the substantial new questions of patentability that the examiner considers to be raised by the cited prior art. In addition, the first Office action will reflect the consideration of any arguments contained in the request, any amendments submitted with a request under 35 U.S.C. 302, any owner's statement filed pursuant to 37 CFR 1.530, and any reply thereto by the requester, and should fully apply all relevant grounds of rejection to the claims.

The statement which the patent owner may file under 37 CFR 1.530 and the response to the first Office action should completely respond to and/or amend with a view to avoiding all outstanding grounds of rejection.

It is intended that the second Office action in the reexamination proceeding following the decision ordering reexamination will generally be made final. The criteria for making a rejection final in an *ex parte* reexamination proceeding is analogous to that set forth in MPEP § 706.07(a) for making a rejection final in an application. Both the patent owner and the examiner should recognize that a reexamination proceeding may result in the final cancellation of claims from the patent and that the patent owner does not have the right to renew or continue the proceedings by refiling under 37 CFR 1.53(b) or 37 CFR 1.53(d) or former 37 CFR 1.60 or 1.62, nor by filing a request for continued examination under 37 CFR 1.114. Complete and thorough actions by the examiner coupled with complete responses by the patent owner, including early presentation of evidence under 37 CFR 1.131(a) or 37 CFR 1.132, will go far in avoiding such problems and reaching a desirable early termination of the reexamination prosecution.

In making the final rejection, all outstanding grounds of rejection of record should be carefully reviewed and any grounds or rejection relied on should be reiterated. The grounds of rejection must (in the final rejection) be clearly developed to such an extent that the patent owner may readily judge the advisability of an appeal. However, where a single previous Office action contains a complete statement of a ground of rejection, the final rejection may refer to such a statement and also should include a rebuttal of any arguments raised in the patent owner's response.

I. PROCESS OF PREPARING THE ACTION

After an examiner has determined that the reexamination proceeding is ready for the final Office action, the examiner will set up a panel review conference, as per MPEP § 2271.01, to discuss the issuance of the action. The examiner may prepare the action after the conference, or may prepare the action prior to the conference and revise it as needed after the conference.

If the conference confirms the examiner's preliminary decision to reject and/or allow the claims and issue a final Office action, the proposed final Office action shall be issued and signed by the examiner, with the two, or more, other conferees initialing the action (as "conferee") to indicate their presence in the conference.

II. FORM PARAGRAPHS

The final rejection letter should conclude with one of form paragraphs 22.09 or 22.10.

¶ 22.09 Ex Parte Reexamination - Action Is Final

THIS ACTION IS MADE FINAL.

A shortened statutory period for response to this action is set to expire **[1]** from the mailing date of this action.

**Extensions of time under 37 CFR 1.136(a) do not apply in reexamination proceedings.** The provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Further, in 35 U.S.C. 305 and in 37 CFR 1.550(a), it is required that reexamination proceedings "will be conducted with special dispatch within the Office."

**Extensions of time in reexamination proceedings are provided for in 37 CFR 1.550(c)** . A request for extension of time must specify the requested period of extension and it must be accompanied by the petition fee set forth in 37 CFR 1.17(g). Any request for an extension in a third party requested *ex parte* reexamination must be filed on or before the day on which action by the patent owner is due, and the mere filing of a request will not effect any extension of time. A request for an extension of time in a third party requested *ex parte* reexamination will be granted only for sufficient cause, and for a reasonable time

specified. Any request for extension in a patent owner requested *ex parte* reexamination (including reexamination ordered under 35 U.S.C. 257) for up to two months from the time period set in the Office action must be filed no later than two months from the expiration of the time period set in the Office action. A request for an extension in a patent owner requested *ex parte* reexamination for more than two months from the time period set in the Office action must be filed on or before the day on which action by the patent owner is due, and the mere filing of a request for an extension for more than two months will not effect the extension. The time for taking action in a patent owner requested *ex parte* reexamination will not be extended for more than two months from the time period set in the Office action in the absence of sufficient cause or for more than a reasonable time.

The filing of a timely first response to this final rejection will be construed as including a request to extend the shortened statutory period for an additional two months. In no event, however, will the statutory period for response expire later than SIX MONTHS from the mailing date of the final action. See MPEP § 2265.

**Examiner Note:**

1. This form paragraph may be used only in reexamination proceedings.

2. In bracket 1, insert the appropriate period for response, which is normally TWO (2) MONTHS.

**¶ 22.10 Ex Parte Reexamination - Action Is Final, Necessitated by Amendment**

Patent owner's amendment filed **[1]** necessitated the new grounds of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a).

A shortened statutory period for response to this action is set to expire **[2]** from the mailing date of this action.

**Extensions of time under 37 CFR 1.136(a) do not apply in reexamination proceedings.** The provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Further, in 35 U.S.C. 305 and in 37 CFR 1.550(a), it is required that reexamination proceedings "will be conducted with special dispatch within the Office."

**Extensions of time in reexamination proceedings are provided for in 37 CFR 1.550(c).** A request for extension of time must specify the requested period of extension and it must be accompanied by the petition fee set forth in 37 CFR 1.17(g). Any request for an extension in a third party requested *ex parte* reexamination must be filed on or before the day on which action by the patent owner is due, and the mere filing of a request will not effect any extension of time. A request for an extension of time in a third party requested *ex parte* reexamination will be granted only for sufficient cause, and for a reasonable time specified. Any request for extension in a patent owner requested *ex parte* reexamination (including reexamination ordered under 35 U.S.C. 257) for up to two months from the time period set in the Office action must be filed no later than two months from the expiration of the time period set in the Office action. A request for an extension in a patent owner requested *ex parte* reexamination for more than two months from the time period set in the Office action must be filed on or before the day on which action by the patent owner is due, and the mere filing of a request for an extension for more than two months will not effect the extension. The time for taking action in a patent owner requested *ex parte* reexamination will not be extended for more than two months from the time period set in the Office action in the absence of sufficient cause or for more than a reasonable time.

The filing of a timely first response to this final rejection will be construed as including a request to extend the shortened statutory period for an additional two months. In no event, however, will the statutory period for response expire later than SIX MONTHS from the mailing date of the final action. See MPEP § 2265.

**Examiner Note:**

1. This form paragraph may be used only in reexamination proceedings.

2. In bracket 1, insert filing date of amendment.

3. In bracket 2, insert the appropriate period for response, which is normally TWO (2) MONTHS.

4. As with all other Office correspondence on the merits in a reexamination proceeding, the final Office action must be signed by a primary examiner.

### III. ART CITED BY PATENT OWNER DURING PROSECUTION

Where art is submitted in a prior art citation under 37 CFR 1.501 and/or 37 CFR 1.555 (an IDS filed in a reexamination is construed as a prior art citation) and the submission is not accompanied by a statement similar to that of 37 CFR 1.97(e), the examiner may use the art submitted and make the next Office action final whether or not the claims have been amended, provided that no other new ground of rejection is introduced by the examiner based on the new art not cited in the prior art citation. See MPEP § 706.07(a).

### IV. SIGNATORY AUTHORITY

As with all other Office correspondence on the merits in a reexamination proceeding, the final Office action must be signed by a primary examiner.

## 2271.01  Panel Review [R-10.2019]

A panel review will be conducted at each stage of the examiner's examination in an *ex parte* reexamination proceeding, other than for actions

such as notices of informality or incomplete response. Matters requiring decision outside of the examiner's jurisdiction (e.g., decisions on petitions or extensions of time, or Central Reexamination Unit (CRU) support staff notices) will not be reviewed by a panel.

The panel review is carried out for each Office action. The panel reviews the examiner's preliminary decision to reject and/or allow the claims in the reexamination proceeding, prior to the issuance of each Office action.

### I. MAKE-UP OF THE PANEL

The panel will consist of three, or more, members, one of whom will be a manager. The second member will be the examiner in charge of the proceeding. The manager may select the third member. The examiner-conferees will be primary examiners, or examiners who are knowledgeable in the technology of the invention claimed in the patent being reexamined and/or who are experienced in reexamination practice. The majority of those present at the conference will be examiners who were not involved in the examination or issuance of the patent. An "original" examiner (see MPEP § 2236) should be chosen as a conferee only if that examiner is the most knowledgeable in the art, or there is some other specific and justifiable reason to choose an original examiner as a participant in the conference.

### II. PANEL PROCESS

Examiners must inform their managers of their intent to issue an Office action. The manager will then convene a panel and the members will confer and review the patentability of the claim(s). If the conference confirms the examiner's preliminary decision to reject and/or allow the claims, the Office action shall be issued and signed by the examiner, with the two, or more, other conferees initialing the action (as "conferee") to indicate their participation in the conference. All conferees will initial, even though one of them may have dissented from the 3-party conference decision as to the patentability of claims. If the conference does not confirm the examiner's preliminary decision, examiner will reevaluate and issue an appropriate Office action.

### III. WHAT THE CONFERENCE IS TO ACCOMPLISH

Each conference will provide a forum to assist the assigned examiner in considering all issues of patentability as well as procedural issues having an impact on patentability. Review of the patentability of the claims by more than one primary examiner to assist the examiner in charge should diminish the perception that the patent owner can disproportionately influence the examiner in charge. The conferences will also provide greater assurance that all matters will be addressed appropriately. The examiner in charge will receive the benefit of having all issues in the proceeding reviewed from the perspectives of three examiners. The conference will provide for a comprehensive discussion of, and finding for, each issue.

### IV. CONSEQUENCES OF FAILURE TO HOLD CONFERENCE

Should the examiner issue an Office action without panel review, the patent owner or the third party requester who wishes to object must promptly file a paper alerting the Office of this fact. (The failure to provide panel review would be noted by the parties where there are no conferees' initials at the end of the Office action.) Any challenge of the failure to hold a panel review conference must be made within two weeks of receipt of the Office action issued, or the challenge will not be considered. In no event will the failure to hold a panel review conference, by itself, be grounds for vacating any Office decision(s) or action(s) and "restarting" the reexamination proceeding.

## 2272  After Final Practice [R-07.2015]

It is intended that prosecution before the examiner in a reexamination proceeding will be concluded with the final action. Once a final rejection that is not premature has been entered in a reexamination proceeding, the patent owner no longer has any right to unrestricted further prosecution. Consideration of amendments submitted after final rejection and prior to, or with, the appeal will be governed by the strict standards of 37 CFR 1.116. Further, consideration of amendments submitted after appeal will be governed by the strict standards of 37 CFR 41.33.

Both the examiner and the patent owner should recognize that substantial patent rights will be at issue with no opportunity for the patent owner to refile under 37 CFR 1.53(b), or 1.53(d), and with no opportunity to file a request for continued examination under 37 CFR 1.114. Accordingly, both the examiner and the patent owner should identify and develop all issues prior to the final Office action, including the presentation of evidence under 37 CFR 1.131(a) and 1.132.

In the event that the patent owner is of the opinion that (A) a final rejection is improper or premature, or (B) that an amendment submitted after final rejection complies with 37 CFR 1.116 but the examiner improperly refused entry of such an amendment, the patent owner may file a petition under 37 CFR 1.181 requesting that the final rejection be withdrawn and that prosecution be reopened, or file a petition under 37 CFR 1.181 requesting entry of the amendment, where appropriate. The petition under 37 CFR 1.181 must be filed within the time period for filing a notice of appeal. Note that the filing of a petition under 37 CFR 1.181 does **not** toll the time period for filing a notice of appeal.

### I. FINAL REJECTION — TIME FOR RESPONSE

The statutory period for response to a final rejection in a reexamination proceeding will normally be two (2) months. If a response to the final rejection is filed, the time period set in the final rejection continues to run. In any *ex parte* reexamination proceeding, including third party requested reexaminations, patent owner requested reexaminations (including reexaminations ordered under 35 U.S.C. 257) or Director ordered reexaminations, the time period is automatically extended by two months (in accordance with the guidelines set forth in MPEP § 2265) if the response is the first response after the final rejection and a notice of appeal has not yet been filed. Any advisory Office action using form PTOL-467, *Ex Parte Reexamination Advisory Action Before the Filing of an Appeal Brief*, which is issued in reply to patent owner's response after final rejection (and prior to the filing of the notice of appeal) will inform the patent owner of the automatic two month extension of time. It should be noted that the filing of any timely first response to a final rejection (even an informal response or even a response that is not signed) will automatically result in the extension of the shortened statutory period for an additional two months. Note further that the patent owner is entitled to know the examiner's ruling on a timely response filed after final rejection before being required to file a notice of appeal. Notification of the examiner's ruling should reach the patent owner with sufficient time for the patent owner to consider the ruling and act on it. Accordingly, the period for response to the final rejection should be appropriately extended in the examiner's advisory action. See *Theodore Groz & Sohne & Ernst Bechert Nadelfabrik KG v. Quigg,* 10 USPQ2d 1787 (D.D.C. 1988). The period for response may not, however, be extended to run past 6 months from the date of the final rejection.

The present after final practice of providing an automatic two-month extension for filing a response to a final Office action is in conformance with the minimum reply period provisions of the Patent Law Treaty (PLT). For this reason, additional "no cause" extensions of time for filing a response to a final Office action in patent owner requested or Director ordered reexaminations are not available. Any extensions of time for more than two months from the time for response set in the final rejection must provide a showing of sufficient cause in accordance with 37 CFR 1.550(c)(3). See MPEP § 2265, subsections VI-VII.

### II. ACTION BY EXAMINER

It should be kept in mind that a patent owner cannot, as a matter of right, amend any finally rejected claims, add new claims after a final rejection, or reinstate previously canceled claims. For an amendment filed after final rejection and prior to the appeal brief, a showing under 37 CFR 1.116(b) is required and will be evaluated by the examiner for all proposed amendments after final rejection except where an amendment merely cancels claims, adopts examiner's suggestions, removes issues for appeal, or in some other way requires only a cursory review by the examiner. An amendment filed at any time after final rejection but before an appeal brief is filed, may be entered upon or after filing of an appeal provided:

(A) the total effect of the amendment is to cancel claims or comply with any requirement of form expressly set forth in a previous Office action, or present rejected claims in better form for consideration on appeal;

(B) for an amendment touching the merits of the patent under reexamination, the patent owner provides a showing of good and sufficient reasons why the amendment is necessary and was not earlier presented.

The first proposed amendment after final action in a reexamination proceeding will be given sufficient consideration to determine whether it places all the claims in condition where they are patentable and/or whether the issues on appeal are reduced or simplified. Unless the proposed amendment is entered in its entirety, the examiner will briefly explain the reasons for not entering a proposed amendment. For example, if the claims as amended present a new issue requiring further consideration or search, the new issue should be identified and a brief explanation provided as to why a new search or consideration is necessary. The patent owner should be notified if certain portions of the amendment would be entered if a separate paper was filed containing only such amendment.

Any second or subsequent amendment after final will be considered only to the extent that it removes issues for appeal or puts a claim in obvious patentable condition.

Since patents undergoing reexamination cannot become abandoned and cannot be refiled, and since the holding of claims unpatentable and canceled in a certificate is absolutely final, it is appropriate that the examiner consider the feasibility of entering amendments touching the merits after final rejection or after appeal has been taken, where there is a showing why the amendments are necessary and a suitable reason is given why they were not earlier presented.

The practice of giving the patent owner a time period to supply an omission in a *bona fide* response (as set forth in MPEP § 2266.01) does **not** apply after a final Office action. If a *bona fide* response to an examiner's action is filed **after final rejection** (before the expiration of the permissible response period), but through an apparent oversight or inadvertence, some point necessary to fully respond has been omitted, the examiner should **not** issue (to the patent owner) a notice of failure to fully respond. Rather, an advisory Office action (e.g., form PTOL-467) should be issued with an explanation of the omission.

Likewise, the practice of notifying the patent owner of the defects present in a submission via form PTOL-475 or form PTO-2311 and setting a time period for correction of the defect(s) (as set forth in MPEP § 2266.02) does **not** apply after a final Office action. If a defective (informal) response to an examiner's action is filed **after final rejection** (before the expiration of the permissible response period), the examiner should **not** issue a form PTOL-475 or form PTO-2311 notification to the patent owner. Rather, an advisory Office action (e.g., form PTOL-467) should be issued with an explanation of the defect (informality) being provided in the advisory action.

## 2273  Appeal in *Ex Parte* Reexamination [R-07.2015]

**35 U.S.C. 306  Appeal.**

The patent owner involved in a reexamination proceeding under this chapter may appeal under the provisions of section 134, and may seek court review under the provisions of sections 141 to 144, with respect to any decision adverse to the patentability of any original or proposed amended or new claim of the patent.

A patent owner who is dissatisfied with the primary examiner's decision to reject claims in an *ex parte* reexamination proceeding may appeal to the Board for review of the examiner's rejection by filing a notice of appeal within the required time. A third party requester may not appeal, and may not participate in the patent owner's appeal.

The patent owner may appeal to the Board only after the final rejection of the claims. This is based on the version of 35 U.S.C. 134 as amended by Public Law 106-113. This version of 35 U.S.C. 134 applies to appeals in reexamination, where the reexamination was filed in the Office on or after November 29, 1999. See Section 13202(d) of Public Law 107-273.